251 So.2d 699 (1971)
James BAREFIELD, As Chairman of the Board of County Commissioners, et al., Appellants,
v.
Nelson P. DAVIS, Appellee.
No. N-359.
District Court of Appeal of Florida, First District.
August 31, 1971.
Smith, Tolton & Wolff, Fort Walton Beach, Thompson, Wadsworth & Messer, Tallahassee, and Barrow & Holley, Crestview, for appellants.
Moore & Crump, Niceville, for appellee.
RAWLS, Judge.
The Board of County Commissioners of Okaloosa County, and landowner Joel Helms, appeal an adverse final judgment granting injunctive relief.
Pursuant to provisions of a Special Act[1] which provides inter alia:

*700 "Section 2. The board of commissioners of Okaloosa county is authorized to regulate and restrict the use of land for the location of junk yards and automobile trailer camps within the county."
"Section 4. Said board of county commissioners of Okaloosa county is authorized to adopt appropriate regulations to put into effect the powers granted by sections 1 and 2 of this act and to alter or amend such regulations at will."
the Board of County Commissioners sought to restrict the use of certain property in Port Dixie Subdivision in Okaloosa County. In the instant cause neither Barefield nor Davis questions the constitutionality of the subject Act; therefore, we assume same to be constitutional for the purposes of this decision.[2]
We are here concerned with Block # 84 in said Subdivision. Helms purchased the subject block in 1952. A permit and occupational license to build a trailer park on this land was procured by Helms in 1956 and renewed in 1967. Appellee Davis, a land developer, purchased the North Half of Lot # 84 in 1967 from Helms for use in constructing a low cost housing development. No restrictions were placed on the conveyance; numerous trailers and a trailer park were located in the immediate vicinity. Davis testified that, in order to procure financing, he and a County Commissioner assured V.A. and F.H.A. brokers that the area would be restricted as to use for trailers.
Pursuant to said Special Act, the Board of County Commissioners adopted a resolution on September 5, 1967, containing the following language:
"Now, therefore, Be It Resolved by the Board of County Commissioners in Regular Session assembled that Townsite of Port Dixie as per plat signed and recorded 14 of May 1929 in Section 5 Twp. 2 South, Range 23 West, be and the same is hereby restricted from use for Mobile Home Trailer Parks or Junk Yards. Any extension of existing parks shall be by permit only."
In 1969, Helms renewed his occupational license to build a trailer park on the South Half of Lot # 84 and Lot # 83. The Board of County Commissioners passed a resolution on May 13, 1969, approving the "trailer park plans for Joel P. Helms".
The trial judge's permanent injunction provided in part:
"* * * The resolution of defendant Board of County Commissioners of September 5, 1967, prohibited additional mobile home parks in the Townsite of Port Dixie, and at the same time, provided for extension of existing mobile home parks in the Townsite of Port Dixie only by permit issued by the Board of County Commissioners. The resolution of September 5, 1967, is not a zoning ordinance; the resolution was not governed by any general law of municipal zoning and Chapter 176, F.S., was not utilized in the passage of the said resolution.
"The approval of trailer park plans for defendant Joel Helms granted on May 13, 1969 was proper in respect to defendant Board of County Commissioners' resolution of January 11, 1967, but was prohibited by the same board's resolution of September 5, 1967. * * *"
We agree with the trial judge's finding that the subject statute is not a zoning ordinance and is not governed by any general law of municipal zoning.[3]
*701 By its September 1967 action, the Board "took away" from the owner of the South Half of Lot # 84 the right to use his land for an automobile trailer camp; on May 13, 1969, by proper resolution, the Board "gave" to the landowner the right to build a trailer park on his land. Elementary rules of statutory construction require us to hold that the trial judge erred in entering the final judgment appealed. The clear provisions of the subject statute grants the Board authority to "alter or amend such regulations at will." The Board restricted the use of Lot # 84 "at will"; it likewise deleted this restriction "at will".
The doctrine of equitable estoppel is not applicable. Developer Davis testified: "* * * V.A. would not go along with it [refinancing his low cost housing development in this area], due primarily to the lack of zoning and restrictions, and as of this date I have not been able to process a V.A. commitment. However, F.H.A. having been assured by one County Commissioner * * * in a meeting with myself and another person * * * reluctantly went along. * * *" The promise of one member of a Board of County Commissioners falls far short of facts that will bring into play the doctrine of equitable estoppel. This is especially true when viewed in light of the evidence adduced which clearly reveals numerous trailers in the area; a purchase by the developer of one-half of the landowner's property without any negotiations as to the use to be made of the remaining half.
The judgment appealed is reversed with directions that the permanent injunction be dissolved forthwith.
Reversed.
CARROLL, DONALD K., Acting C.J., and VANN, HAROLD R., Associate Judge, concur.
NOTES
[1] Laws of Florida, Special Acts 1961, ch. 2559, §§ 2, 4, at 3012.
[2] Although defendant-appellant Helms argues the unconstitutional application of the law in his brief, as stated in North American Company v. Green, 120 So.2d 603, 606 (Fla. 1960):

"* * * It is a long established rule that the courts will not consider the alleged unconstitutionality of a statute unless it is necessary to do so in order to dispose of the problem at hand. * * *"
[3] Miller v. Quigg, 87 Fla. 462, 100 So. 270 (1924).