HENDRY, Judge.
In this appeal, appellant taxpayers attack the constitutionality of their 1970 tax assessment of certain shares of a closely held stock, owned by the parties in a family holding corporation not listed on an exchange and not regularly traded over-the-counter. Appellants attack any assessment of their stocks under § 199.051(2), Fla.Stat., F.S.A. (1969), which states:
“(2) Shares of stock, bonds or similar instruments of corporations not listed on any stock exchange or not regularly traded over the counter, shall be assessed at just valuation under rules and regulations promulgated by the department of revenue, taking into account those factors customarily considered in determining intrinsic value.” [Emphasis supplied.]
Appellants’ constitutional attack is essentially three pronged: (1) an alleged unconstitutional taking of property since no rules and regulations have been promulgated.[1] for such an assessment as prescribed in the statute;[2] (2) an unlawful delegation of legislative power to promulgate such regulations to the department of revenue; and (3) an unconstitutionally vague and unas-certainable standard for assessment since no rules and regulations have been promulgated by the legislature. We are of the opinion that it is unnecessary for this court to answer this constitutional attack on Fla.Stat. § 199.051(2), F.S.A. (1969), since the validity of the assessment may be sustained by reference to other legislative and constitutional standards and'such consideration is not essential to a solution to the problem before us. Jones v. City of Sarasota, Fla.1956, 89 So.2d 346; Barefield v. Davis, Fla.App.1971, 251 So.2d 699; Finch v. Fitzpatrick, Fla.1971, 254 So.2d 203.
The power of the state to tax any property arises from and is limited by the provisions of Article VII, § 1 of the Florida Constitution (1968), F.S.A. It provides:
“(a) No tax shall be levied except in pursuance of law. No state ad valorem taxes shall be levied upon real estate or tangible personal property. All other forms of taxation shall be preempted to the state except as provided by general law.”
The Constitution further provides for the manner in which such taxes are to be assessed. Article VII, § 4 states:
“By general law regulations shall be prescribed which shall secure a just valua *716 tion of all property for ad valorem taxation. . . . ” [Emphasis supplied.]
The Legislature did adopt such a general law describing the factors to be considered in deriving a “just valuation”, in § 193.011, Fla.Stat., F.S.A., (1969)[3] providing:
“Assessment of just valuation. — ■
“The county assessor of taxes of the several counties shall assess all the real and personal property in said counties in such a manner as to secure a just valuation as required by § 4, Art. VII of the state constitution. In arriving at a just valuation, the county assessors of taxes of the several counties shall take into consideration the following factors:
“(1) The present cash value of the property;
“(2) The highest and best use to which the property can be expected to be put in the immediate future; and the present use of the property;
“(3) The location of said property;
“(4) The quantity or size of said property;
“(5) The cost of said property and the present replacement value of any improvements thereon;
“(6) The condition of said property;
“(7) The income from said property; and
“(8) The net proceeds of the sale of the property, as received by the seller, after deduction of all of the usual and reasonable fees and costs of the sale, including the costs and expenses of financing.” [Emphasis supplied.]
Obviously, many of the factors listed in the aforementioned statute are not applicable to stock of a closely held corporation. However, our courts have held that consideration of the “cash value” of such stocks may be utilized in conjunction with other factors to arrive at a “just valuation” of the property. Thus, in Root v. Wood, 155 Fla. 613, 21 So.2d 133, our Supreme Court noted that the actual value of the stocks may be combined with other elements to arrive at a “just valuation”. The court noted that factors such as, “ratio of assets to liabilities, funded debt, character of assets, value of assets, volume of business, impermanence of the business, attractiveness of the stock to investors, stability of net income from the assets, or any other impediments to true taxable value may be considered when making the stock assessment.” Root v. Wood, supra at 21 So.2d 137; Accord. Gulf Fertilizer v. Walden, Fla.1964, 163 So.2d 269. The court, thus, concluded that: (21 So.2d at 137)
“[5] No aspect of the law of tax assessments is fraught with more perplexities than that of assessing intangibles. In the three preceding paragraphs, we have noted some of the factors that may enter into their assessment as well as the formula that may be employed to do so, but the list is not complete. It would not be possible to prescribe a formula to determine true taxable value in all cases. That used by the Tax Assessor and the trustee may suffice in many cases but at best any formula will have its imperfections. Many cases will have to be resolved by consideration of the peculiar factors that affect them. The composite judgment of men versed in intangible evaluations, seasoned with common sense, is the safest guide in such cases and will be found to be the best formula in many others.”
We have carefully considered the record, briefs and arguments of counsel and have concluded that the appellants have not sustained the heavy burden of *717 overcoming the presumption of the correctness of the assessment by a showing of the exclusion of every reasonable hypothesis of a legal assessment. City National Bank of Miami v. Blake, Fla.App.1972, 257 So.2d 264; Cf., District School Board of Lee County, Florida v. Askew, Fla.1973, 278 So.2d 272. We have also found appellants’ arguments as to other factors which should have been considered by the trial court to be, likewise, without merit.
Therefore, for the reasons stated and discussed, the judgment appealed from is hereby affirmed.
Affirmed.

. The appellee lias admitted the lack oí such rules and regulations.

. We note that the Legislature has since renumbered and amended the statute at issue so as to eliminate the requirement of such rules and regulations. Such stocks are to be presently valued, “in accordance with generally accepted accounting principles which take into account those factors customarily considered in determining intrinsic value.” § 199.122, Fla.Stat., F.S.A. (effective date July 1, 1971).

. Subsequently, the introductory paragraph to the section was shortened to read:
“In arriving at just valuation as required under § 4, Art. VII of the State constitution, the tax assessor shall take into consideration the following factors Fla.Stat. § 193.011, F.S.A. (1971).