732 So.2d 385 (1999)
John MUNSHOWER, Appellant,
v.
Lynda J. KOLBENHEYER and Dove Creek Co., Inc., Appellees.
No. 98-1566.
District Court of Appeal of Florida, Third District.
March 17, 1999.
Rehearing Denied April 21, 1999.
Feder & Fine and Edward A. Licitra, N. Miami Beach, for appellant.
Mattson & Tobin; John A. Jabro, Tavernier, for appellees.
Before LEVY, GREEN and SHEVIN, JJ.
SHEVIN, Judge.
John Munshower appeals a Final Judgment As To The Fair Value of Shares of a closely held corporation, determining the value of Munshower's stock, imposing a *386 lack of marketability discount of 20% on the value, and withholding sums pending further proceedings. Defendants, Linda J. Kolbenheyer and Dove Creek Company, Inc. ["defendants"], cross appeal the judgment. We affirm.
Munshower's first exception to the order is that the court erred in applying a lack of marketability discount to the corporation's value. We disagree. As this court has done in the past, we rely on New York case law as persuasive in this matter. See Poe & Assoc., Inc. v. Emberton, 438 So.2d 1082 (Fla. 3d DCA 1983); Williams v. American Crafts, Inc., 129 So.2d 165 (Fla. 3d DCA 1961); see also Denmark v. Ridgell Furniture Co., 117 Fla. 244, 157 So.2d 489 (1934). In determining the "fair value" of Munshower's shares, as required by section 607.1436(1), Florida Statutes (1997), "[a] discount for lack of marketability is properly factored into the equation because the shares of a closely held corporation cannot be readily sold on a public market." Blake v. Blake Agency, Inc., 107 A.D.2d 139, 486 N.Y.S.2d 341, 349 (1985); Hall v. King, 177 Misc.2d 126, 675 N.Y.S.2d 810 (N.Y.Sup.Ct.1998). Although Munshower's expert opined that a discount was inapplicable in this case, the defendants' expert testified extensively as to the propriety of applying a lack of marketability discount to the shares' value. Thus, we find the trial court's conclusions were supported by the evidence presented and there is no basis to disturb the findings or the valuations.
We also find no error in the trial court's denial of Munshower's request for attorney's fees and expert witness fees. Section 607.1436(5), Florida Statutes, provides, in pertinent part, that a court may award a petitioner for corporate dissolution attorney's fees and expert witness fees if the court finds that the corporate directors acted in a fraudulent or illegal manner. § 607.1430(3)(b), Fla. Stat. (1997). In this case the court properly found "that Defendants did not act fraudulently or illegally, that the parties were represented by counsel and followed counsel's advice, which had an arguable basis in law and in fact...." Munshower premises his fee claim on Kolbenheyer's breach of the shareholder agreement. However, the breach of a shareholder agreement does not result in criminal penalties. See, e.g., Jones v. Braxton, 379 So.2d 115 (Fla. 1st DCA 1979)(decision to breach contract is not an illegal act). "We view an illegal act as one being subject to criminal penalties." Gates v. Chrysler Corp., 397 So.2d 1187, 1190 (Fla. 4th DCA 1981). Thus, the denial of fees here was appropriate.
Addressing the part of the final judgment withholding in escrow a portion of the value payment to Munshower, we find error only in the amount withheld. The court had authority to consider the amount Munshower owed Dove Creek as a setoff to Munshower's award. See Martin Co. v. Commercial Chemists, Inc., 213 So.2d 477 (Fla. 4th DCA 1968), cert. denied, 225 So.2d 523 (Fla.1969). The court, however, abused its discretion in withholding an amount much greater than the Defendant's Notice of Claim asserted that Munshower owed. On remand, the amount exceeding the debt initially requested by the Defendant's Notice of Claim shall be released to Munshower and the remaining amount of approximately $67,000, plus the interest thereon, shall continue to be held in escrow by Munshower's lawyer pending further proceedings on the Notice of Claim.
After careful consideration of the issues raised on the appellee's/defendant's cross-appeal, we hold that no reversible error has been demonstrated; and accordingly, affirm. Also, for the most part, these issues were previously considered and decided by this court by the denial of certiorari on the merits.
Based on the foregoing, we affirm the judgment as modified, and remand with directions.
Affirmed as modified and remanded.