948 So.2d 850 (2007)
Claude LAROCHE, Appellant,
v.
Francois NEHAMA, Appellee.
No. 3D06-1367.
District Court of Appeal of Florida, Third District.
January 31, 2007.
*851 Ruden, McClosky, Smith, Schuster & Russell, John H. Pelzer and Brigid F. Cech (Fort Lauderdale), and Norman S. Segall, Miami, for appellant.
Samuel A. Persaud, Coral Gables; Spencer A. Emison, for appellee.
Before RAMIREZ, SUAREZ, JJ., and SCHWARTZ, Senior Judge.
SUAREZ, J.
Claude Laroche ("Laroche") appeals an order denying his motion to dissolve lis pendens filed by Francois Nehama ("Nehama"). We affirm the trial court's order.
Laroche and Nehama entered into a Lease/Option to Purchase Agreement on Laroche's home. Paragraph 32 of the agreement contains an option to purchase allowing Nehama to exercise the option prior to the May 29, 2006 termination of the agreement. A notarized Memorandum of Option was recorded with the clerk of the court of Miami-Dade County, Florida. On March 29, 2005, Laroche informed Nehama that, for certain reasons not relevant to the present issue, he considered the agreement to be terminated. Laroche then filed a complaint for declaratory relief requesting the trial court enter an order declaring the lease/option agreement null and void ab initio, declaring Nehama's right to exercise the option to purchase null and void, and canceling the recorded Memorandum of Option. Nehama answered and filed a counterclaim for breach of contract and for specific performance of the option to purchase. At the same time, Nehama filed a lis pendens on the property. Laroche filed the present motion to dissolve lis pendens which was denied by the trial court.
One of the purposes of a lis pendens is to put possible future purchasers on notice that there could be a problem with title to the property. DePass v. Chitty, 90 Fla. 77, 105 So. 148 (1925). If the initial pleading in a lawsuit is based upon a duly recorded instrument, the petitioner is entitled to maintain a lis pendens on the property in question as a matter of right. See Levine v. Arvida Corp., 405 So.2d 1370 (Fla. 4th DCA 1981). The Petitioner may be allowed to maintain a lis pendens that is not based on a duly recorded instrument if, at an evidentiary hearing, the petitioner can establish a fair nexus between the petitioner's claimed legal equitable ownership of the property and the dispute contained in the pleadings filed by the petitioner. Chiusolo v. Kennedy, 614 So.2d 491 (Fla.1993). Nehama's dispute with Laroche arises out of the option agreement to purchase property in Miami-Dade County, Florida. The counterclaim filed by Nehama claims breach of that option agreement and requests the court grant specific performance of the option to purchase. Therefore, we affirm the trial court's order as the counterclaim states a fair nexus between Nehama's claimed legal equitable ownership of the property and his claim for specific performance. Acapulco Constr., Inc. v. Redavo Estates, Inc., 645 So.2d 182 (Fla. 3d DCA 1994).
We remand for the court trial court to hold the required evidentiary hearing to determine the amount of bond.
Affirmed and remanded with instructions.