COPE, C.J.
Edna Marisela Perdomo appeals an order dissolving her lis pendens. The condominium which is the subject of the litigation is owned by Pelotera, Inc., a corporation which holds title to the real estate. The appellant maintains that she is entitled to partition under the rule of Kay v. Key West Development Co., 72 So.2d 786 (Fla.1954), but her reliance on that case is misplaced because she is not a shareholder of Pelotera, Inc. The rule announced in Kay does not extend to corporate officers or directors, but is confined to shareholders.
The appellant also argues that the trial court was not allowed to look outside the complaint in making its decision on lis pendens. That is not so. By statute, “[w]hen the initial pleading does not show that the action is founded on a duly recorded instrument or on a lien claimed under part I of chapter 713, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions.” § 48.23(3), Fla. Stat. (2006). In the present case the action is not founded on a duly recorded instrument or a chapter 713, part I, lien. That being so, the court was authorized to take evidence as would be so in a hearing on a motion to dissolve an injunction. The trial court conducted an evidentiary hearing which revealed that the appellant is not a shareholder in the corporation, and that fact is fatal to her reliance on Kay.
The appellant argues that in Laroche v. Nehama, 948 So.2d 850 (Fla. 3d DCA 2007), this court made reference to the pleadings in the case. The appellant maintains that this means the pleadings *737 are controlling. The appellant’s argument is without merit. In Laroche the claim and counterclaim were based on a duly recorded instrument. “If the initial pleading in a lawsuit is based upon a duly recorded instrument, the petitioner is entitled to maintain a lis pendens on the property in question as a matter of right.” Id. at 851.. In the present case the lis pen-dens was not based on a duly recorded instrument and therefore, as already stated, by statute “the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions.” § 48.23(8), Fla. Stat. (2006). The eviden-tiary hearing was proper under the circumstances of this case and the trial court’s ruling is correct.
Affirmed.