*294
 
 SUAREZ, J.
 

 CIMA Capital Partners, LLC seeks to reverse the final judgment awarding specific performance and to remand for an award of damages. We reverse and remand. CIMA Capital Partners (CIMA) sued PH Cellular, Inc. (PHC), for breach of contract and the trial court was able to quantify the amount of damages as of the date of the breach, which required an award of damages and not an award for specific performance.
 

 CIMA brought an action at law for money damages against PHC, a closely held corporation, in a suit for breach of contract. The contract between CIMA and PHC specified that CIMA was entitled upon “successful funding” to “a warrant to purchase
 
 5% of
 
 shares” so that it “could own, on exercise, five percent of the fully diluted shares.” CIMA properly exercised its option, PHC refused to honor the provision and terminated the relationship. The trial court conducted a bench trial and based on the evidence presented correctly concluded that PHC breached the contract and determined that the shares owed to CIMA at the time of breach were worth $353,000. Nevertheless, the trial court ordered specific performance rather than award the damages sued for by CIMA. CIMA argues on appeal that it should receive the value of the shares at the time of breach, in December 2007, when PH Cellular was worth approximately $7 million, rather than the shares themselves as ordered transferred by the court in May 2009, when PH Cellular was worth far less. We agree.
 

 The aim of money damages is not merely to restore the plaintiff to its former position, as in tort, but to award a sum that is equivalent to the performance of the bargain; the attempt is to place the plaintiff in the position he would have been in had the contract been fulfilled.
 
 See Williston on Contracts,
 
 § 64:1 (2002); Restatement (Second) of Contracts § 346 (1981). Damages for breach of contract are to be measured as of the date of breach.
 
 See Grossman Holdings Ltd. v. Hourihan,
 
 414 So.2d 1037 (Fla.1982);
 
 Lake Region Paradise Island, Inc. v. Graviss,
 
 335 So.2d 341 (Fla. 2d DCA 1976) (finding that where the contract provided that plaintiff could purchase 10% interest in the business, valuation of the business was to be measured at date of defendant’s breach of contract, with interest up to the date of trial).
 

 The trial court after taking evidence found that PHC breached the contract with CIMA in December 2007 and was able to determine the value of PHC as of the date of breach and found five percent of that value to be $353,000. Instead of awarding those damages, the trial court, without explanation, ordered specific performance by the transfer of shares, at that time probably devalued. CIMA had brought an action at law for damages for breach of contract, not an action in equity for specific performance. Specific performance is the rare exception when only equitable relief is available, as in the case of an oral contract.
 
 See WiUiston,
 
 § 64:1 at 4-5 (2002). In this case, damages were the preferred legal remedy where there was a written contract between the parties, measurable value to the business, and a date certain of the breach.
 

 Furthermore, PHC cannot claim that because the shares are unsellable they cannot be valued. Valuation of closely-held shares is done all the time.
 
 See, e.g., Kay v. Key West Dev. Co.,
 
 72 So.2d 786, 788 (Fla.1954) (“It is a matter of common knowledge that stock in such closed or closely held corporations have no recognized or standard market value and in order to effect a sale thereof, prospective purchasers usually look into the financial status, management and background of
 
 *295
 
 such corporation.”);
 
 Munshower v. Kolbenheyer,
 
 732 So.2d 385 (Fla. 3d DCA 1999) (looking to New York law to determine the “fair value” of closely held corporate shares);
 
 London v. Metropolitan Dade Co.,
 
 280 So.2d 714 (Fla. 3d DCA 1973) (finding that consideration of cash value of taxpayers’ stocks in a closely held corporation may be used with other factors to arrive at a just valuation of the shares, such as ratio of assets to liabilities, funded debt, character of assets, value of assets, volume of business, impermanence of the business, attractiveness of the stock to investors, stability of net income from the assets, or any other impediments to true taxable value may be considered when making the stock assessment); 12 B William M. Fletcher,
 
 Fletcher Cyclopedia of the Law of Corporations,
 
 § 5906.120 (supp. 2007) (“Stock of closely held corporations cannot reasonably be valued by application of any inflexible formula; one tailored to the particular case must be found”).
 

 PHC relies on the inapposite case of
 
 Shearson Loeb Rhoades, Inc. v. Medlin,
 
 468 So.2d 272 (Fla. 4th DCA 1985), that held a showing of plaintiffs entitlement to damages
 
 for delay in delivery of stock
 
 is accomplished by the plaintiff demonstrating that had it possessed the shares, it would have sold them during the interim between the breach and the actual date of delivery. This is not the situation in this action. PHC did not delay delivering the shares — it refused delivery outright, thus breaching the contract between itself and CIMA.
 

 We reverse the order on appeal and remand for entry of money damages to CIMA as measured on the date of breach, together with prejudgment interest.
 

 Reversed and remanded.