SHEPHERD, J.,
dissenting.
I would reverse the entire judgment and order the case be dismissed as premature. The house had not been sold at the time of trial. By their complaint, Davia and Pira-nio elected to affirm the contract. The measure of damages on a fraudulent inducement claim is either the “benefit of the bargain” rule, which awards as damages the difference between the actual value of the property and its value had the alleged facts regarding it been true, or the “out-of-pocket” rule, which awards as damages the difference between the purchase price and the real or actual value of the property. Martin v. Brown, 566 So.2d 890, 891-92 (Fla. 4th DCA 1990). In actions for breach of contract, the goal is to award a sum which is equivalent to the performance of the bargain and to place the plaintiff in the position he would be in had the contract been fulfilled. Ashland Oil, Inc. v. Pickard, 269 So.2d 714, 723 (Fla. 3d DCA 1972). Damages for breach of contract are to be measured from the date of the breach. CIMA Capital Part *256 ners, LLC v. PH Cellular, Inc., 69 So.3d 293, 294 (Fla. 3d DCA 2010). The jury awarded Davia and Piranio rescission damages, relief based upon a cause of - action and remedy not sought by Davia and Pira-nio.
The jury rather clearly agreed the Demchaks breached the terms of their agreement with Davia and Piranio. However, the extent of their loss cannot be known until the house is sold, or perhaps title transferred through a foreclosure (or deed in lieu), if that be the case. Until one of those occurrences, there are no provable damages. See Schimpf v. Reger, 691 So.2d 579, 579 (Fla. 2d DCA 1997) (stating damages cannot be based on speculation or guesswork but rather must have some reasonable basis in fact); George Hunt, Inc. v. Dorsey Young Constr., Inc., 385 So.2d 732, 733 (Fla. 4th DCA 1980) (“[Ejvidence as to the amount of damages cannot be based on speculation or conjecture, but must be proven with certainty.”).
I would reverse the judgments on appeal and dismiss the case without prejudice.