PER CURIAM.
The issue in this appeal is whether the trial court prematurely ordered the release of escrow funds. We find that the trial court did not abuse its discretion in ordering the release of funds and, as such, we affirm.
Appellant John Fountas and his brother, appellee Paul Fountas, owned appellee Microcomputer Resources, Inc. (“MCR”). John initiated proceedings to dissolve, and MCR exercised its statutory right to purchase John’s shares. See § 607.1436(1), *472 Fla. Stat. (2006). MCR also asserted claims against John and his new company. John, in turn, asserted a derivative claim on behalf of MCR against Paul.
The trial court valued John’s shares at $651,000 and ordered MCR to make payments into an escrow account. The court ruled that the escrowed funds could be used as a set-off against any judgment entered in favor of MCR and against John. After a trial on MCR’s claims against John, the jury found that John breached his fiduciary duty and interfered with MCR’s advantageous business relationships and assessed damages in excess of $5 million. The trial court granted MCR’s motion to cease making escrow payments and to release the $258,545 in escrowed funds to MCR. Before the trial court entered final judgment on MCR’s claims, John filed this non-final appeal of the trial court’s order.
John contends that the trial court prematurely entered its order because MCR needs to be revalued and John’s derivative claims have not been tried. A trial court’s release of escrowed funds is reviewed for abuse of discretion. See Munshower v. Kolbenheyer, 732 So.2d 385, 386 (Fla. 3d DCA 1999) (applying abuse of discretion standard and finding that the trial court had authority to consider the amount appellant owed to appellee as a set-off); Morse Diesel Int’l, Inc. v.2000 Island Blvd., Inc., 698 So.2d 309, 313 (Fla. 3d DCA 1997). We find that, based on the amount of damages awarded by the jury, the trial court did not abuse its discretion in applying the escrowed funds as a set-off.

Affirmed.

WARNER, CIKLIN and LEVINE, JJ., concur.