198 So.2d 49 (1967)
C. Kenneth STRICKLAND, Appellant,
v.
John MUIR, Robert Muir, Andrew Strok and Elizabeth Strok, His Wife et al., Appellees.
No. 87.
District Court of Appeal of Florida. Fourth District.
April 19, 1967.
*50 Elliott B. Barnett, of Ruden Barnett & McClosky, Fort Lauderdale, for appellant.
Russell E. Carlisle and William A. Zeiher, of Carlisle & Zeiher, Fort Lauderdale, for appellees.
ANDREWS, Judge.
C. Kenneth Strickland, co-defendant, appeals from a judgment entered in favor of plaintiffs, John Muir, Robert Muir, Andrew Strok and Elizabeth Strok.
Plaintiffs were shareholders and noteholders of the now defunct Time Acceptance Corporation. Time Acceptance was organized by co-defendant, Henry B. Mathes. The organizers hoped to operate a trade-in program on houses whereby a homeowner could realize a substantial portion of his equity for the purpose of reinvesting it in a new home by lending him a substantial portion of that equity on a short term second mortgage. The key to the plan was that the payment of the second mortgage was to be guaranteed by a payment bond written by Gulf Union Casualty Company in which Time Acceptance was to acquire a controlling interest.
Defendant, Strickland, as attorney-examiner for the Florida Securities Commission, commenced an investigation of Time Acceptance Corporation on June 3, 1960. There is evidence to the effect that during the course of Strickland's investigation the officers of Time Acceptance induced Strickland to submit a favorable report to the Florida Securities Commission in order *51 to secure a clearance from that Commission and to perform certain acts in behalf of the officers. These acts included the false representation to plaintiffs by Strickland through various media that Time Acceptance was in sound financial condition, that there had been no misappropriation of funds by its officers, that there had been no violations of the Florida Securities laws, and that it held an equity position in Gulf Union Casualty Company.
Time Acceptance was formed on February 21, 1960; never secured a controlling interest in Gulf Union Casualty Company or any insurance company nor conducted any business; obtained all of its monies from the sale of its stock and its notes payable; was taken over by a stockholders' committee in October 1960, and after an attempt at operation of the corporation by the stockholders, was liquidated in August 1961.
Plaintiffs brought this consolidated suit against C. Kenneth Strickland and several of the officers of Time Acceptance to recover the balance of their investment not recovered in the liquidation proceeding.
The cause proceeded to trial before the court against Strickland on a count of the amended complaint which sought damages for fraud and deceit or, in the alternative, damages for acts by a public official in excess of his authority. The court sitting without a jury found for the plaintiffs, entered a judgment in favor of plaintiffs and awarded the full amount of their investment not yet recovered, plus interest and costs.
We have considered the points raised on appeal by defendant, Strickland, and, with one exception, find no reversible error. The evidence was conflicting, and the trial court resolved these conflicts in favor of plaintiffs on their theory of fraud and deceit. Upon a close examination of the record we are satisfied that there is sufficient evidence that defendant, Strickland, intentionally made certain misrepresentations to plaintiffs upon which they relied to their detriment. Therefore, we affirm the judgment in favor of plaintiffs as to liability.
Defendant urges that the trial court erred in awarding damages in an action for fraud and deceit equal to the amount of the investment which has not yet been recovered. Defendant correctly points out that there are two standards of measurement for damages in action for fraud and deceit. The prevailing view is the "benefit of the bargain" rule which would award as damages the difference between the actual value of the stocks and notes purchased as of the time of purchase and their value had the facts been as represented. The second standard is the "out-of-pocket" rule which would award as damages the difference between the purchase price and the real or actual value of the stocks and notes at the date of sale. See 57 A.L.R. 1142; 124 A.L.R. 37.
Although the question does not appear to have been raised in a Florida case involving securities, the preferable rule seems to be that, if the defrauded party is content with the recovery of only the amount he has actually lost, his damages will be measured by the out-of-pocket rule. Prosser on Torts, § 91, at 570, (2d ed. 1955); 124 A.L.R. 37, 51.
Defendant also urges that plaintiffs have not offered sufficient evidence to justify the application of either measure of damages. Under either measure of damages, plaintiffs must prove the actual value of the stocks and notes at the time of purchase. Plaintiffs merely proved the amount they paid into the corporation and the amount received from the liquidation.
Part of the damages awarded plaintiffs included monies paid by plaintiffs prior to the misrepresentations made by defendant, Strickland. The defendant and the officers of Time Acceptance withheld the fact that as a condition precedent to clearance by the Florida Securities Commission *52 all shareholders and noteholders must be given the option to rescind. Under the circumstances plaintiffs should have been awarded damages based on the amount they would have received if they had rescinded prior to the misrepresentations by defendant, Strickland, in addition to the advances made as a result of said misrepresentations of the defendant.
Since plaintiffs have failed to offer the necessary proof as to their damages, the cause must be remanded and a new trial had on the issue of damages only. West Florida Land Company v. Studebaker, 1896, 37 Fla. 28, 19 So. 176; Srybnik v. Ice Tower, Inc., Fla.App. 1964, 162 So.2d 294.
Affirmed, in part, and reversed, in part.
WALDEN, C.J., and McDONALD, PARKER LEE, Associate Judge, concur.