231 So.2d 532 (1970)
June DuPUIS, Joined by Carl DuPuis, Appellants,
v.
79TH STREET HOTEL, INC., a Florida Corporation and Able-Central Exterminators, Inc., a Florida Corporation, Appellees.
Nos. 69-292, 69-413.
District Court of Appeal of Florida. Third District.
January 27, 1970.
On Rehearing March 6, 1970.
*533 Horton & Schwartz, Miami, and Raymond VanderZeyde, Miami Shores, for appellants.
Fuller & Brumer, Bolles, Goodwin, Ryskamp & Ware and Howard Hirsch, Miami, for appellees.
*534 Before PEARSON, C.J., and CHARLES CARROLL and SWANN, JJ.
SWANN, Judge.
We have previously consolidated interlocutory appeal #69-292 with full appeal #69-413 and will discuss both appeals in this opinion.
This action started when the plaintiff, 79th Street Hotel, Inc., filed a complaint against Carl DuPuis and Able-Central Exterminators, Inc., a Florida corporation.
Later plaintiff filed an amended complaint adding June DuPuis, the wife of Carl, as a party defendant. She was served with the proper papers but failed to answer within the time required. On January 23, 1969, plaintiff recovered a default judgment against June DuPuis. On March 25, 1969, June DuPuis filed a motion to set aside the default with a proposed answer in which she raised three affirmative defenses.
The trial judge denied the motion of June DuPuis to set aside the default. An interlocutory appeal was taken by June DuPuis, challenging the denial of her motion to vacate the default. Shortly thereafter the case came on for trial against all defendants and the trial judge permitted it to go to the jury as if no default had been entered and the defendant June DuPuis was permitted to testify in her own defense. The court directed a verdict for the defendant exterminating company which was not challenged by appeal. One of the instructions to the jury at the conclusion of the trial was:
"The issues for your determination on the claim of the plaintiff against the defendant are whether the defendants falsely made representations to the plaintiff and whether such false misrepresentations was a legal cause of damage. If the greater weight of the evidence does not support the claim of the plaintiff, then your verdict should be for the defendants." Emphasis added.
Although the court refused to set aside the default judgment against June DuPuis, the jury was never told that a default judgment had been entered against her and the case was tried as if no default had been entered. Under these circumstances, it appears that June DuPuis was not harmed or prejudiced by the failure of the trial court to set aside the default and that the issues raised by her interlocutory appeal are moot. See 2 Fla.Jur. Appeals §§ 291-293.
Assuming arguendo, that the issues raised on the interlocutory appeal are not moot, we conclude that the failure to set aside the default judgment would be harmless error under these circumstances. See § 59.041, Fla. Stat., F.S.A.
After trial, the jury returned a final verdict for the plaintiff against the defendants Carl and June DuPuis. The verdict and final judgment was against Carl and June DuPuis for $50,000 compensatory damages and against Carl DuPuis for $20,000 punitive damages.
The first point on appeal asserts that the defendant wife, June DuPuis, was not liable for the alleged independent tort of her husband Carl. This suit was based on the alleged fraud, deceit and/or false representation of these defendants in connection with a sale of a hotel owned by them by the entirety to the plaintiff. The wife never had any direct conversations with the plaintiff concerning the sale, but it is claimed that the husband acted as her agent and that she ratified his acts.
Fla. Stat. § 708.03, F.S.A., provides, generally, that the property of a wife shall remain in the care and management of the husband. This statute has been construed as to create a principal and agent relationship between the wife and husband. Flash Bonded Storage Co. v. Ades, 152 Fla. 482, 12 So.2d 164 (1943); Gentry-Futch Co. v. Gentry, 90 Fla. 595, 106 So. *535 473 (1925). In addition, in Craft v. American Agricultural Chemical Co., 81 Fla. 55, 87 So. 41 (1921), the court stated on page 42:
* * * * * *
"When a married woman knowingly permits her husband to manage or control her property, or allows him so to deal with it as to induce others to believe that he is acting as her authorized agent, such facts are sufficient to establish the agency in favor of persons who deal with him in such belief. * * *"
* * * * * *
In Petersen v. Brotman, Fla.App. 1958, 100 So.2d 821, the court ruled that a married woman's interest or property right in an estate by the entirety is her separate property. It would appear proper for a jury to find that a husband may act as an agent for the wife in the sale of property owned by the entirety in cases involving an intentional tort (as distinguished from a negligent tort), such as fraud, deceit and/or misrepresentation of an existing fact when such tort was committed in the course of his agency for her; or was ratified by her. See 41 Am.Jur.2d Husband and Wife, §§ 436-38. There was sufficient, competent and substantial evidence in this record from which a jury could have determined that the husband, Carl DuPuis, was acting as the agent of the wife in the sale of this hotel and that she ratified or confirmed his acts as her agent in the sale. See 37 Am.Jur.2d Fraud and Deceit, § 316.
We have reviewed the record and find that there was sufficient, competent and substantial evidence to go to the jury on the question of liability and that there was sufficient evidence for the jury to return a verdict finding both defendants liable.
The evidence as to the damages sustained by the plaintiff was set forth in appellant's brief as follows:
* * * * * *
"* * * Mr. Spector, a contractor of 35 years' experience in Miami, was asked approximately how much it would run to remedy the damages if his firm was hired by the appellee and he estimated it would be $75,000 to $100,000. $65 was paid to an exterminating company and the bill was submitted as an exhibit in evidence  plaintiff's Exhibit #6. In addition, the appellee testified from a statement admitted in evidence as plaintiff's Exhibit #7, that he expended $985 in replacing furniture in the hotel. Mr. Nelson of Truly Nolen Exterminating Co. estimated that the cost of placing a tent over the property to effect an eradication of termites in the property would be $3,675. There was no other testimony or evidence offered as to any other out-of-pocket expenses, nor was there even any attempt on the part of the appellee to prove what the value of the property would have been if the alleged representations made by the appellant Carl DuPuis were true. * * *"
* * * * * *
There was other evidence relating to damages but it does not appear to be substantially different or more material than that set forth above.
It, thus, appears that there was insufficient evidence of "out-of-pocket" expenses to uphold the verdict of $50,000 compensatory damages and that there was no evidence to support a verdict of $50,000 for compensatory damages based on the "benefit of the bargain" rule.
We find insufficient competent, substantial evidence in the record on which the jury could return a verdict for $50,000 compensatory damages against the defendants. See Strickland v. Muir, Fla.App. 1967, 198 So.2d 49.
We find, therefore, that the verdict and final judgment in the sum of $50,000 compensatory damages against Carl and June *536 DuPuis is not supported by sufficient competent, substantial evidence and the same must be and the same is hereby reversed.
We find there was sufficient, competent and substantial evidence in the record to justify the jury in returning a verdict for $20,000 punitive damages against Carl DuPuis.
We, therefore, reverse and remand this case for a new trial on the issue of compensatory damages only, and as to liability and punitive damages the judgment is affirmed.
Inasmuch as it is necessary to remand this case to the trial court for a new trial on the issue of compensatory damages only, it is necessary for us to comment on one other point raised by this appeal. The appellant sought reversal because the judge instructed the jury on what has been termed the "benefit of the bargain rule"; See West Florida Land Co. v. Studebaker, 37 Fla. 28, 19 So. 176 (1896); Williams v. McFadden, 23 Fla. 143, 1 So. 618 (1887); Evans v. Gray, Fla.App. 1968, 215 So.2d 40; and Strickland v. Muir, Fla.App. 1967, 198 So.2d 49; and that they could also take into consideration, in assessing damages, those damages which are commonly characterized as "out-of-pocket" expenses. The objections by the defendant to these instructions were general and not specific and are, therefore, insufficient to preserve this point for appellate review on this appeal. See Henningsen v. Smith, Fla.App. 1965, 174 So.2d 85.
On remand, however, the issue may again be before the trial court as to the proper instruction to be given to the jury. Florida has followed the "out-of-pocket rule". See Strickland v. Muir, supra. It would appear that the Florida courts have adopted and followed both rules in order to do such justice as the circumstances may demand.
This is in accordance with the flexibility theory set forth in 37 Am.Jur.2d Fraud and Deceit, § 352. This formula is stated as follows:
* * * * * *
"* * * (1) if the defrauded party is content with the recovery of only the amount that he actually lost, his damages will be measured under that rule; (2) if the fraudulent representation also amounts to a warranty, recovery may be had for loss of the bargain, because a fraud accompanied by a broken promise should cost the wrongdoer as much as the latter alone; (3) where the circumstances disclosed by the proof are so vague as to cast virtually no light upon the value of the property had it conformed to the representations, the court will award damages equal only to the loss sustained; and (4) where the damages under the `benefit of the bargain' rule are proved with sufficient certainty, that rule will be employed. * * *"
* * * * * *
This cause is, therefore, affirmed in part and reversed in part.
It is so ordered.

ON REHEARING GRANTED
PER CURIAM.
The court has determined that better practice and procedure requires that one jury determine both the compensatory and punitive damages. See Stevens Markets, Inc. v. Markantonatos, Fla. 1966, 189 So.2d 624.
Whereupon, we modify our opinion of January 27, 1970, to eliminate therefrom the affirmance of the punitive damages portion of the judgment, and modify the directions on remand to provide for new trial on compensatory and punitive damages. In other respects our opinion and judgment of January 29, 1970, is adhered to.
The cause is accordingly reversed and remanded for a new trial on the issue of compensatory and punitive damages.
It is so ordered.