COWART, Judge,
dissenting.
Plaintiff-buyer (Hikes) claimed damages based on the alleged misrepresentation as to the condition of a 1981 DeLorean automobile by the seller (McNamara).
Assuming a material misrepresentation by the seller of goods, the buyer has a choice of several courses of conduct and remedies for redressing the misrepresentation.
(1) Such a buyer can disaffirm, repudiate, or rescind the purchase agreement, return the bought goods to the seller, and recover a full return of everything paid or given as purchase price. In this event, the buyer “rescinds” the agreement, “restores” the seller, and is entitled to “restitution.” This ancient quasi-equitable remedy is now somewhat codified in the Uniform Commercial Code as section 672.-711(1), Florida Statutes, which provides that a buyer may reject, or revoke acceptance of, the goods and recover “so much of the price as has been paid.”
(2) Rather than disaffirming a purchase agreement for a misrepresentation by the seller, the buyer can affirm the purchase agreement, keep the bought goods, and sue and recover money damages resulting from the misrepresentation. (2)(a) One measure *1214 of such damages, called “out-of-pocket” damages, is the actual cost to the buyer of having the goods repaired or improved as may be necessary to put them into the condition they were misrepresented to be. (2)(b) Another measure of damages to a buyer of misrepresented goods, called “loss of bargain” damages, is the difference in value between the goods as they were delivered, and the value they would have had if they had been as represented.[1] These two measures of damages are somewhat codified in the Uniform Commercial Code as sections 672.714(1) and (2), Florida Statutes, the latter subsection describing the measure of “loss of bargain” damages as “the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted ....”
To accomplish a “revocation of acceptance” under section 672.711, Florida Statutes, in order to be entitled to recover the purchase price paid, all a repudiating buyer has to do is communicate his intent to revoke and redeliver the goods to the seller.[2] The seller does not have to “accept” or agree to take the goods back. Revocation and redelivery are unilateral acts. Here, all the buyer had to do was to drive the DeLorean onto the seller’s car lot and leave it there with the keys in it (or throw the keys at the seller while communicating attitude and intent).
After testifying that three days after she had accepted the DeLorean, the buyer returned to the seller’s premises and argued about its condition, she then testified:
Q. So what did you do?
A. What did I do? I took the car and left.
Q. Then what did you do?
A. Well, I went to get me a lawyer.
There is no confusion about these relevant facts: the buyer did not try to leave the car with the seller, she was not prevented from doing so, and she just “took the car and left.”
The buyer in this case did not disaffirm the purchase agreement or “reject” the goods or revoke her acceptance. She kept the DeLorean and disposed of it to a third party for $11,400 as a trade-in. Whether or not McNamara’s counsel’s brief argues it, the record in the case clearly and affirmatively demonstrates that the buyer did not rescind the purchase agreement, did not restore the bought goods to the seller and did not revoke her acceptance of the DeLo-rean, and is not entitled to the return of her purchase price, with or without adjustments to it. Her purchase price and her sale price are just not relevant factors in this case. Accordingly she was not entitled to restitution of her purchase money.
While she complained that the DeLorean automobile’s transmission was not in good mechanical condition as represented, she spent no money to repair or improve the transmission — so she suffered no “out-of-pocket” damages. Assuming that the seller made a material misrepresentation, the buyer was entitled to “loss of bargain” damages, but she adduced no evidence as to the value of the DeLorean automobile “at the time and place of acceptance” or evidence of its value if it had been as represented. Under these circumstances, the trial court should have entered a judgment against plaintiff for failure of proof as to facts essentia] to an application of the proper measure of damages.
The buyer here wanted, and the jury was erroneously instructed that she could recover, her full purchase price without the jury first finding that she had properly revoked her acceptance, which would have *1215 included the return of the DeLorean. This crucial issue was not properly submitted to the jury and is the fundamental error in this case. The buyer cannot affirm an agreement and keep the goods and at the same time disaffirm the agreement and receive restitution of “so much of the price as has been paid.” (Section 672.711(1), Florida Statutes). However he calculated it, the trial judge by ordering a remittitur made a good stab at trying to rectify the legal error as to the damages awarded. Now, however, this court is largely restoring that error. The $9000 the buyer (Hikes) owed on the Corvette at the time she traded it in to McNamara on the DeLo-rean has absolutely nothing to do with the buyer’s correct theory of recovery or her correct measure of damages or any other issue in this case. If the trial judge considered the $9,000 as a factor in ordering a remittitur he erred. This is because the seller (McNamara) of the DeLorean received the traded-in Corvette subject to a $9,000 indebtedness which the seller (McNamara) paid in order to own it and resell the Corvette free of that lien — not because the $11,400 the buyer received for the DeLorean “encompassed” the $9,000 the buyer owed on the Corvette when she traded it and not because the $9,000 indebtedness on the Corvette was “satisfied” from the $11,400 she received when she sold the DeLorean eighteen months later.
Instead of affirming the trial judge and granting the seller the relief to which the record affirmatively shows it to be entitled, and because the seller’s attorney makes the wrong argument on the facts, the majority opinion attempts to apply the correct rule of law to insufficient facts by using the original sales price of $21,785.25 as proof of the value the DeLorean would have had at the time it was accepted if it had been as represented and by using the buyer’s sale price of $11,400 as proof of the value of the DeLorean in its actual condition “at the time and place of acceptance” and finding the difference of $10,385.25 to be “loss of bargain” damages. The price at which a particular person buys or sells an object is not adequate evidence of “value” within the meaning of that concept in the rule of law defining “loss of bargain” damages.[3] The $11,400 the buyer received for the De-Lorean when she sold it was eighteen months later and thousands of miles away from, “the time and place of acceptance” and is more attributable to the buyer’s use and misuse of the vehicle for eighteen months,[4] changes in market demand for DeLorean automobiles, and the knowledge, desire, and abilities of the particular parties to that transaction than to McNamara’s misrepresentations as to the condition of the DeLorean at the time of sale to Hikes. The trial judge, whose job it is, did better in setting the amount of remittitur and should be affirmed.

. See, e.g., DuPuis v. 79th Street Hotel, Inc., 231 So.2d 532 (Fla. 3d DCA 1970), cert. denied, 238 So.2d 105 (Fla.1970); Strickland v. Muir, 198 So.2d 49 (Fla. 4th DCA 1967). See also Van Der Noord v. Katz, 481 So.2d 1228 (Fla. 5th DCA 1985) ("benefit of bargain” damages are not available to a party who repudiates (disaffirms or rescinds) rather than affirms a contract because of the doctrine relating to election of remedies).

. This revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and is not effective until the buyer notifies the seller. § 672.608(2), Fla.Stat. See also Central Florida Antenna Service v. Crabtree, 503 So.2d 1351 (Fla. 5th DCA 1987).

. See 13 A.L.R. 3d 875, § 3(b) — "Out-of-Pocket” or "Benefit of Bargain” as Proper Rule of Damages for Fraudulent Representations Inducing Contract for Transfer of Property; J. White and R. Summers, Uniform Commercial Code § 10-2 (2d ed. 1980); Chatlos Systems, Inc. v. NCR Corporation, 635 F.2d 1081, 1088 (3d Cir.1980). Cf. MacKenzie v. Chrysler Corp., 607 F.2d 1162, 1167 (5th Cir.1979).

. See MacKenzie v. Chrysler Corp., 607 F.2d 1162, 1167 n. 10 (5th Cir.1979).