566 So.2d 890 (1990)
Cleason MARTIN, Appellant/Cross Appellee,
v.
William W. BROWN, Appellee/Cross Appellant.
No. 89-0302.
District Court of Appeal of Florida, Fourth District.
September 12, 1990.
*891 John W. Case, Fort Lauderdale, for appellant/cross appellee.
Mitchell E. Widom of Dunn, Dresnick, Lodish & Miller, Miami, for appellee/cross appellant.
PER CURIAM.
Appellee, Brown, purchased a condominium unit with the expectation that he would be assigned parking space number 9 as part of the transaction. When he discovered that he had received instead parking space number 5 he filed suit against appellant, Martin, for fraudulent representation. The trial court awarded appellee damages resulting from fraudulent representation in the amount of $10,000, hence this appeal.
The elements of actionable fraud are (1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is false; (3) the intent by the person making the statement that the representation will induce another to act on it; and (4) reliance on the representation to the injury of the other party. In summary, there must be an intentional material misrepresentation upon which the other party relies to his detriment.
Lance v. Wade, 457 So.2d 1008, 1011 (Fla. 1984); First Interstate Dev. v. Ablanedo, 476 So.2d 692 (Fla. 1985), quashed in part on other grounds, 511 So.2d 536 (Fla. 1987).
The weakest element in appellee's case in the court below relates to the issue of injury. Appellee claimed that nonreceipt of parking spot number 9 was an injury. However, appellee did receive parking space number 5. In order for an injury to have occurred, parking space number 9 would have to be valued higher than parking space number 5. Appellee presented the testimony of an expert that parking space number 9 was worth between $8,500 and $10,000. He presented no evidence as to the value of space number 5. However, appellant testified that space number 5 was a covered spot and that he had sold other covered spots individually for $1,500. It is therefore reasonable to assume, and there is no evidence to the contrary, that space number 5 had a value of $1,500. This is an inference which the trial court was permitted to draw from the evidence and supports a finding of injury.
Assuming, however, that parking space number 9 had a value of $10,000 and space number 5 was worth $1,500, the damage award of $10,000 is clearly erroneous.
Florida has adopted two standards for the measurement of damages in an action for fraudulent representation. Either may be used to do justice as the circumstances demand. The first standard is the "benefit of the bargain" rule which awards as damages the difference between the actual value of the property and its value had the alleged facts regarding it been true. The second standard is the "out-of-pocket" rule which awards as damages *892 the difference between the purchase price and the real or actual value of the property. Strickland v. Muir, 198 So.2d 49 (Fla. 4th DCA 1967); DuPuis v. 79th Street Hotel, Inc., 231 So.2d 532 (Fla. 3d DCA), cert. denied, 238 So.2d 105 (Fla. 1970).
The trial court did not specify what measure of damages it used, what value it assigned to spot number 5, nor how it arrived at the $10,000 figure. In its final judgment it merely stated: "[t]he value of parking spot number 9 is $10,000 as testified to by the plaintiff's expert Jack Birnholz. This testimony was uncontradicted." If the trial court chose to value spot number 5 at $1,500, as the appellant testified, the amount of damages would be $8,500. If it chose not to rely on appellant's valuation, it had no way to determine the amount of damages.
The trial court recognized this problem with appellee's case during closing argument, stating:
Let me ask you before we commence. [Plaintiff's expert has] put that value I gather between [$]8,500 and $10,000 on [spot 9]. What value has he put on the Number 5? Because I think it's not a question of simply  In other words, the damages I think would have to be mitigated by whatever the value of 5 is.
.....
If we accept [plaintiff's] theory as to liability he did not get what he bargained for. He is, in fact, cheated. Let's say, he is defrauded. But now if that's so, what has he been defrauded? In other words, he's got Number 5.
Thus, it seems clear that the trial court either had no way of measuring the damages in this case or measured them incorrectly.
Accordingly we reverse and remand to give the trial court an opportunity to review the evidence in light of our opinion and to make findings of fact in support of a revised amount of damages. The trial court may take additional evidence if that is deemed necessary to clarify the actual amount of damage which appellee suffered.
REVERSED AND REMANDED.
HERSEY, C.J., and ANSTEAD and STONE, JJ., concur.