PER CURIAM.
Paul Duffy, plaintiff below, appeals a partial summary judgment in favor of defendant Donald Speroni. The order is ap-pealable as a partial final judgment within the meaning of Rule 9.110(k), Florida Rules of Appellate Procedure. We reverse.
As a preliminary matter, we reject plaintiff’s challenge to the procedure employed in the entry of the partial summary judgment. We conclude that the irregularity was invited by plaintiff and he may not now be heard to complain.
Turning to the merits, the trial court assumed for purposes of its ruling that plaintiff had stated a viable claim for fraud and deceit. Proceeding on that assumption, the trial court ruled that plaintiff had gone forward on an incorrect theory of damages, and that since plaintiff’s only proof of damages would be in the form of expert testimony in support of the erroneous theory, the court concluded that the fraud claim must fail for want of proof. The court therefore entered summary judgment in favor of defendant.
Proceeding, as we must, on the familiar principle that the record must be read, and all inferences drawn, in the light most favorable to the plaintiff as the non-moving party, we reverse. According to the second amended complaint, plaintiff and defendant were the two shareholders of Southern Thermography Corp., a closely held corporation. Plaintiff owned twenty-five percent and defendant seventy-five percent of the outstanding shares.
According to the second amended complaint, defendant engaged in a course of fraudulent conduct with regard to the affairs of the corporation. As we read the record and the arguments below, plaintiff contends that defendant’s conduct rendered his twenty-five percent shareholding worthless. He also contends that he was entitled to increase his shareholding from twenty-five percent to fifty percent, but that through certain fraudulent acts, he was prevented from doing so.
Florida courts have authorized several approaches to the proof of damages in a fraud case, depending on the particular circumstances presented. See DuPuis v. 79th Street Hotel, Inc., 231 So.2d 532, 536 (Fla. 3d DCA), cert. denied, 238 So.2d 105 (Fla.1970); see also Silverberg v. Paine, Webber, Jackson & Curtis, Inc., 710 F.2d 678, 685-87 & n. 12 (11th Cir.1983); Ashland Oil, Inc. v. Pickard, 269 So.2d 714, 723 (Fla. 3d DCA 1972), cert. denied, 285 So.2d 18 (Fla.1973). See generally Restatement (Second) of Torts §§ 549-52; C. McCormick, Handbook of the Law of Damages § 121 (1935).
*864 In the present case plaintiff contends that he seeks damages which would restore him to the position he would be in had the wrong not been committed. Ashland Oil, Inc. v. Pickard, 269 So.2d at 723. With regard to his existing twenty-five percent shareholding, he contends that the measure of damages is the value the stock would have had but for the fraud, minus its actual value. Defendant agrees that that is the correct measure of damages. As we read the record, plaintiff proposes to offer the accounting expert in order to establish the value the stock would have had but for the fraud. Plaintiff proposes to establish through the corporation’s own financial records that the corporation, and therefore its stock, had no value as a result of the fraud. Based on that analysis, the damage claim would be the figure offered by the accountant, minus zero. Defendant apparently disagrees with plaintiff’s position that the corporate stock is worthless (or was worthless at the relevant date for purposes of this litigation), but on this record, defendant has not carried its burden of showing the absence of a disputed issue of material fact on that point.
The plaintiff also claims damages for deprivation of the additional block of twenty-five percent of the shares of the corporation’s stock. The same accounting testimony would be relevant and probative to show the value of the twenty-five percent block which plaintiff did not receive.
The expert testimony was improperly excluded, and summary judgment should not have been entered. As did the trial court, we do not express any opinion on the merits of the fraud claim pled by plaintiff.
The judgment is reversed and the cause remanded for further proceedings consistent herewith.