MAY, J.
The plaintiff appeals a final judgment entered after a jury verdict on claims *927 against a lawyer and his law firm for breach of fiduciary duty as an escrow and closing agent. The lawyer and his law firm cross-appeal. The issues concern both liability and the proper measure of damages. We affirm in the appeal and cross-appeal.
The litigation arose from a failed stock transaction. The plaintiff was persuaded by her brother to purchase stock in a corporate client represented by the law firm. She wired $35,000 into the law firm’s trust account and faxed a letter to the attorney confirming she had wired the money for purposes of the stock purchase. The attorney admitted receiving the funds, the faxed letter, and to being aware the funds were for the purchase of stock. Neither the lawyer nor his law firm entered into any formal agreement to serve as escrow or closing agent in the stock transaction.
Pursuant to instructions from the principal of the corporate client, the law firm disbursed the funds to a separate company owned by the principal of the corporate client.[1] Neither the lawyer nor the law firm took any further action to secure the stock for the plaintiff. Needless to say, the plaintiff did not promptly receive the stock. When the stock was finally issued, it was worthless.
The plaintiff sued the attorney and his law firm for breach of their duties as escrow and closing agents. The plaintiff sought damages in the form of the potential value of the stock. Much of the trial time was spent on expert testimony concerning the trading potential of the stock, whether it was restricted or unrestricted, its loan value, and its potential investment value.
Prior to trial, the lawyer and his law firm moved to limit the plaintiffs expert testimony concerning damages because it raised “entirely new issues of damages” and was “pure speculation.” The trial court denied the motion, agreeing to reconsider the damages issue during trial. When the defense moved for directed verdict on liability and damages, the trial court denied the motion with regard to liability, but limited the plaintiffs damages to the $35,000 transferred to the law firm for purchase of the stock.
The jury found the lawyer and his law firm liable for breach of their duties as both the closing and escrow agents. Pursuant to its prior ruling, the trial court limited damages and entered a final judgment in the amount of $35,000, plus interest of $12,605.75, for a total award of $47,605.75.
The plaintiff argues the trial court erred in limiting damages to out-of-pocket expenses and suggests she was entitled to benefit-of-the-bargain damages. On cross-appeal, the lawyer and his law firm argue the trial court erred in failing to direct a verdict in their favor on the issue of liability as closing agents. They also argue that should they prevail on the liability issue in the cross-appeal, the cost judgment should be reversed.
This court reviewed the issue of damages in two recent opinions, Levitt-Ansca Towne Park Partnership v. Smith, 873 So.2d 392 (Fla. 4th DCA 2004), and Totale, Inc. v. Smith, 877 So.2d 813 (Fla. 4th DCA 2004). From those cases, two valuable rules are gleaned. First, benefit-of-the-bargain damages may be considered only when the evidence of lost profit is reasonably certain. The evidence cannot be “so vague as to cast virtually no light *928 upon the value of the property.” Totale, 877 So.2d at 816 (quoting DuPuis v. 79th St. Hotel, Inc., 231 So.2d 532, 536 (Fla. 3d DCA 1970)). Second, when the evidence on damages is too speculative, it is not proper for jury consideration. Levitt-Ansca, 873 So.2d at 397.
In this case, the plaintiff wired $35,000 to the law firm for the purchase of stock. The plaintiff did not provide reasonably certain evidence of her future plans for the stock. While the plaintiff provided expert testimony concerning “possibilities” of the stock’s investment value, there was no evidence to support a plan by the plaintiff to either resell or obtain recourse loans on the stock. Thus, the evidence of benefít-of-the-bargain damages was speculative and failed the certainty test. For these reasons, the trial court properly limited the plaintiffs damages to out-of-pocket expenses.
Having reviewed the transcript, we find the evidence sufficient to have created a jury issue on liability. Thus, we affirm the judgment in all respects.

Affirmed.

STONE and FARMER, JJ., concur.

. The principal of the corporate client was subsequently indicted, tried, and convicted of securities violations unrelated to this transaction.