[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12262

_____

D.C. Docket No. 1:08-cv-20260-AJ

MANUEL SOLTERO,

Plaintiff - Appellant,

versus

SWIRE DEVELOPMENT SALES, INC.,
a Florida Corporation,
SWIRE REALTY INC.,
a Florida Corporation,
MAILE AGUILA,
individually,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 30, 2012)

Before WILSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Plaintiff Manuel Soltero brought suit alleging that Swire Development

Sales, Swire Realty, and their Vice President Maile Aguila (collectively, "the defendants") misrepresented to him that the view from a luxury apartment ("Unit 3608") in Miami would not be obstructed by new construction next door, and consequently sold him the apartment at an inflated price.  The jury found for Soltero, awarding him compensatory and punitive damages.  The district court granted the defendants' motion under Federal Rule of Civil Procedure 50(b) requesting judgment as a matter of law.  Soltero now appeals that ruling, as well as others by the district court.  We affirm.

We review the grant of a Rule 50(b) motion de novo.  Chaney v. City of Orlando, 483 F.3d 1221, 1227 (11th Cir. 2007).  Judgment as a matter of law "is appropriate when a plaintiff presents no legally sufficient evidentiary basis for a reasonable jury to find for him on a material element of his cause of action."  Christopher v. Florida, 449 F.3d 1360, 1364 (11th Cir. 2006); see also Collado v. United Parcel Serv., Co., 419 F.3d 1143, 1149 (11th Cir. 2005).

The jury and district court agreed that Soltero satisfied most of the elements of his claims for common-law fraud and negligent misrepresentation, as well as civil RICO under Florida law.  See generally Fla. Stat. § 772.103(3) (civil RICO); Lance v. Wade, 457 So. 2d 1008, 1011 (Fla. 1984) (elements of fraud); Hoon v. Pate Constr. Co., Inc., 607 So. 2d 423, 427 (Fla. 4th DCA 1992) (negligent

2

misrepresentation). They parted ways only with respect to whether Soltero demonstrated any actual harm resulting from the misrepresentations made to him about Unit 3608's view. Actual harm is an essential element of both fraud and negligent misrepresentation, see Lance, 457 So. 2d at 1011; Hoon, 607 So. 2d at 427; and a plaintiff must show injury to prevail on a RICO claim as well, see Fla. Stat. § 772.104(1). The jury found this element satisfied, while the district court did not.

Under Florida law, the actual harm inflicted by a fraud is measured by the amount necessary "to restore the injured party to the position it would have been in had the wrong not been committed." Nordyne, Inc. v. Fla. Mobile Home Supply, Inc., 625 So. 2d 1283, 1286 (Fla. 1st DCA 1993) (quotation marks omitted). As the district court explained, there are two ways to demonstrate that harm. See Martin v. Brown, 566 So. 2d 890, 891–92 (Fla. 4th DCA 1990). The "out-of-pocket" method requires a plaintiff to show loss resulting from the difference between the actual value of the property and the purchase price, while the "benefit-of-the-bargain" method requires proof of "the difference between the actual value of the property and its value had the alleged facts regarding it been true." Minotty v. Baudo, 42 So. 3d 824, 835 (Fla. 4th DCA 2010) (quotation marks omitted). Both methods require "that the jury have evidence of the actual

3

value of the property in question" at the time of the fraudulent misrepresentation. Id. (emphasis added).

Neither party disputes that Soltero paid $1.7 million dollars for Unit 3608, so the analysis hinges on whether Soltero met the second prong of the "out-of-pocket" rule, presenting evidence of the "real or actual value of" Unit 3608. To show the actual value of Unit 3608, Soltero presented an appraisal that valued the apartment at $1.5 million at the time of closing—$200,000 less than he paid. That would normally be enough. See Getelman v. Levey, 481 So. 2d 1236, 1240 (Fla. 3d DCA 1985) (stating that "Florida courts will accept any evidence logically tending to establish a correct estimate of the value of the property"). But the district court concluded that the appraisal was insufficient to show Unit 3608's actual value, saying that "[w]hat the appraisal took into account is sheer speculation." We agree.

Soltero bore a specific burden. He had to present evidence of the actual value of Unit 3608 with a soon-to-be obstructed view. Assuming that value is less than the purchase price, it could provide a legally sufficient basis for the finding that Soltero was harmed when the defendants duped him into paying for what he believed was an apartment with an unobstructed view. But, while the appraisal did expressly consider the view from Unit 3608 and three comparable apartments

4

in reaching the estimate, the appraisal itself offered no indication that it was accounting for the imminent obstruction of that view. Soltero did not call the appraiser as a witness at trial to explain what went into his appraisal. Nor did he call as a witness the real estate valuation expert he retained, though that expert might have provided some insight into what an appraiser typically considers.

This utter absence of evidence makes interpreting the appraisal mere guesswork, drawing all force from the appraisal as an indicator of Unit 3608's actual value. It was therefore unreasonable for the jury to find that the appraisal price did in fact reflect the value of Unit 3608, accounting for the upcoming obstruction of the apartment's view. And without a basis for determining the real or actual value of Unit 3608, the jury lacked sufficient evidence to find that Soltero suffered an out-of-pocket loss. See Christopher, 449 F.3d at 1364. Thus, we affirm the district court's grant of judgment as a matter of law for the defendants. See Kind v. Gittman, 889 So. 2d 87, 90 (Fla. 4th DCA 2004) (reversing the trial court's denial of judgment as a matter of law where the plaintiff "presented no testimony fixing the actual value of the property on the date of the sale").

Because all awards of compensatory damages were set aside as a matter of law, it follows that the award of punitive damages was also due to be vacated. In

addition, as the district court correctly ruled, Soltero waived any claim to nominal damages by not requesting a jury instruction on nominal damages and not asking that nominal damages be included on the verdict form.  See Oliver v. Falla, 258 F.3d 1277, 1281–82 (11th Cir. 2001); Walker v. Anderson Elec. Connectors, 944 F.2d 841, 844–45 (11th Cir. 1991).

    **AFFIRMED**.

6