SCHWARTZ, Chief Judge.
The only basis even asserted for maintaining a lis pendens on property owned by the landlord pending a counterclaim for damages against him by his ex-tenants, the appellees, is that the lease agreement provided that the landlord’s potential liability for breach was limited to his interest in the property.[1] It is plain that this provision does no more than limit the recovera-bility of damages and does not involve a potential interest of the tenants in the realty itself, as is essential for a lis pen-dens. See Space Development, Inc. v. Florida One Constr., Inc., 657 So.2d 24 (Fla. 4th DCA 1995). Because there is therefore no underlying ground for the lis pendens,[2] the order under review, which denied the landlord’s motion to dissolve it, is reversed and the cause remanded with directions to strike the lis pendens in question.
Reversed.

. The lease provides in relevant part:
14. DEFAULT AND REMEDIES
[[Image here]]
(f) Notwithstanding any contrary provision of this Lease, Tenant shall look solely to the interest of Landlord or its successor (as landlord hereunder) in the real property of which the Leased Premises are a part for the satisfaction of any judgment or judicial process requiring the payment of money as a result of any negligence or breach of this Lease by Landlord or such successor, and no other assets of Landlord or its successor shall be subject to levy, execution or other enforcement procedure for the satisfaction of Tenant's remedies in any of such events.

. We pretermit discussion of the numerous other defects in the notice of lis pendens and the procedural steps taken, or not taken below.