899 So.2d 1139 (2005)
Richard M. CUNEO, et al., Petitioners,
v.
CONSECO SERVS., LLC, Respondent.
No. 3D04-3283.
District Court of Appeal of Florida, Third District.
March 9, 2005.
*1140 Fowler White Burnett, and Alan J. Perlman, and June G. Hoffman, Miami; and Podhurst, Orseck, and Robert C. Josefsberg, Miami, for petitioners.
Greenberg Traurig, and Elliot H. Scherker, and David A. Coulson, and Lisa L. Jama, Miami, for respondent.
Before COPE, RAMIREZ, an WELLS, JJ.
RAMIREZ, J.
Richard Cuneo and his wife, Ngaire, petition for a writ of certiorari to quash the trial court's order denying their motion to dismiss a claim for an equitable lien against homestead property because the claim failed to state a cause of action, and denying their request to stay the action. We deny the petition.
The procedural history of the litigation between the parties is set forth in Conseco Servs., LLC v. Richard Cuneo and Ngaire Cuneo, No. 3D04-1995, ___ So.2d ___, 2005 WL 545011 (Fla. 3d DCA Mar. 9, 2005), wherein this Court affirmed the trial court's order dissolving the lis pendens. The facts relevant to this petition are that the Cuneos moved to dismiss Conseco's complaint seeking to enforce an equitable lien on the Cuneos' real property. The motion asserted that the complaint failed to state a claim upon which relief could be granted and that the fraudulent transfer claim duplicated Conseco's Indiana claim. The Cuneos also argued that the Florida action should be stayed or abated in deference to the first-filed Indiana action. The trial court denied the motion to dismiss, and the Cuneos filed this petition for writ of certiorari.
The Cuneos contend that the trial court departed from the essential requirements of law in (1) refusing to dismiss Conseco's claim for an equitable lien on homestead property for failure to state a claim upon which relief may be granted; and (2) failing to dismiss or stay the Florida action in deference to the first-filed Indiana action that involved the same parties and substantially the same subject matter.
First, with respect to the trial court's denial of the Cuneos' motion to dismiss, we hold that the Cuneos are not entitled to certiorari review on this issue. Ordinarily, certiorari will not lie to review the denial of a motion to dismiss. See Martin-Johnson Inc. v. Savage, 09 So.2d 1097 (Fla.1987). "The mere expense and inconvenience of litigation does not constitute harm sufficient to permit certiorari review, even if the order departs from the essential requirements of the law." Royal Caribbean Cruises, Ltd. v. Sinclair, 808 So.2d 231, 232 (Fla. 3d DCA 2001).
The Cuneos cite Hallmark Manufacturing, Inc. v. Lujack Construction Company, Inc., 372 So.2d 520 (Fla. 4th DCA 1979), for their position that certiorari review is available here. However, we can find no other case in Florida since Hallmark was decided in 1979 that allows for certiorari review of such an order. Furthermore, Hallmark was decided before Martin-Johnson. In light of Martin-Johnson and the line of cases that followed, we have serious doubts as to the *1141 continuing validity of Hallmark. Accordingly, in the exercise of our discretion, we decline to entertain the petition with respect to that portion of the trial court's order denying the Cuneos' motion to dismiss the equitable lien claim.
With respect to the Cuneos' petition to quash the trial court's order denying their motion to dismiss because it denied the Cuneos' request to stay or abate the Florida action pending the resolution of the Indiana action, we deny the petition. We recognize that an order that denies a motion to stay or abate an action in deference to an earlier-filed action in another jurisdiction involving substantially the same subject matter and the same parties is properly reviewable by common law certiorari. See REWJB Gas Invs. v. Land O'Sun Realty, Ltd., 645 So.2d 1055, 1056 (Fla. 4th DCA 1994). However, Conseco's Florida action is comprised of a different claim than the claim in the Indiana lawsuit. The allegedly fraudulent transfers alleged in the Indiana action consist of transfers from Mrs. Cuneo to Mr. Cuneo and to the Cuneos' children and to other third parties. The transfers alleged in the Florida action, on the other hand, occurred after the Indiana action was filed and which the Indiana federal court ruled could not be challenged in that action. Here, there is no substantial identity and, thus, a stay was not warranted. For this reason, we conclude that the trial court did not depart from the essential requirements of law in denying the Cuneos' request for a stay or abatement of the Florida action.
Certiorari denied.