925 So.2d 1147 (2006)
SANTA CATALINA TOWNHOMES, INC., Petitioner,
v.
Shabaz MIRZA, Respondent.
No. 4D05-4897.
District Court of Appeal of Florida, Fourth District.
April 26, 2006.
Peter M. Hodkin of the Law Offices of Peter M. Hodkin, P.A., Ft. Lauderdale, for petitioner.
Assad S. Mirza of Mirza & Mirza, LLP, Pembroke Pines, for respondent.
PER CURIAM.
In an action for the specific performance of a contract for the construction and sale of real property by petitioner (the developer/defendant below) to the respondent (the plaintiff contract purchaser), the developer seeks certiorari review of an order denying its motion to dissolve the purchaser's lis pendens or require the posting of a bond. We deny the petition.
The developer contends that because the lis pendens in this case was not founded on a recorded instrument or a construction lien, a bond was absolutely required. Following a hearing at which the developer did not seek to adduce any evidence of its likely damages (other than counsel's argument that the developer's damages would equal the purchase price of the property), the trial court denied the motion without prejudice, declining to set bond "at this time."
We conclude the trial court did not depart from the essential requirements of law in denying bond "at this time." In Medical Facilities Development, Inc. v. Little Arch Creek Properties, Inc., 675 So.2d 915 (Fla.1996), the supreme court rejected the contention that a bond is required in all cases in which the lis pendens is not founded on a recorded instrument or *1148 construction lien. Instead, the trial court is authorized to require a lis pendens bond, after affording the parties an evidentiary hearing on the issue of whether the holder of the property is likely to incur damage, and the amount thereof, if the lis pendens notice is unjustified. See Betsy Ross Hotel, Inc. v. A.G. Gladstone Assocs., Inc., 833 So.2d 211, 212 (Fla. 3d DCA 2002).
In Haisfield v. ACP Florida Holdings, Inc., 629 So.2d 963 (Fla. 4th DCA 1993), where, as in the instant case, a lis pendens was filed in connection with a suit for specific performance of a contract to sell land to the party filing the notice, this court adopted, as the proper method of measuring damages for wrongful filing of a lis pendens, the method described in Askari v. R & R Land Co., 179 Cal.App.3d 1101, 225 Cal.Rptr. 285 (1986): the difference between the fair market value at the time of filing of the lis pendens and the fair market value at the time of its termination, plus any consequential damages, including the award of operating expenses if the property declined in value, prejudgment interest from the date of termination of the lis pendens, and attorney's fees.
In this case, no evidence was presented at the hearing from which the order on review emanated as to the amount of damages petitioner was likely to incur, under this measurement, in the event the lis pendens is ultimately determined to be unjustified. By denying bond "without prejudice," it appears the trial court will allow the petitioner a further opportunity to attempt to do so. Under the circumstances, its denial of the motion without prejudice was not a departure.
Accordingly, we deny the petition without prejudice to the developer's renewing its request for bond and for an evidentiary hearing on the issue of whether it is likely to incur damages as a result of the lis pendens and, if so, the amount.
STEVENSON, C.J., FARMER and HAZOURI, JJ., concur.