930 So.2d 752 (2006)
Guillermo F. DEGUZMAN, Petitioner,
v.
Edda Serrano BALSINI, Respondent.
No. 5D06-393.
District Court of Appeal of Florida, Fifth District.
May 5, 2006.
Rehearing Denied June 8, 2006.
*753 Domenick Leo, Fern Park, for Petitioner.
*754 Clifton H. Gorenflo of Clifton H. Gorenflo, P.A., Sanford, for Respondent.
SHARP, W., J.
DeGuzman seeks a writ of certiorari to quash a circuit court order that directed the reinstatement of a lis pendens, which was filed against his real property by Balsini, his former wife, if he was unable to post a $20,000.00 bond. We grant the writ.
Balsini filed a notice of lis pendens on DeGuzman's real property located at 910 Vineland Place, Lake Mary, Florida, on September 23, 2005. It was apparently related to a contempt/enforcement action filed by Balsini to recover child support and other financial payments owed her for the parties' children. However, the property was not marital property and it was not included in the settlement agreement entered into by the parties during their dissolution proceedings. The property at 910 Vineland Place is located in Seminole County and is titled in DeGuzman's sole name. It was purchased by him after the parties' dissolution was final and used by him for visitation with his children. The children live in Seminole County, Florida, and DeGuzman lives in Puerto Rico.
On January 20, 2006, the circuit court dissolved the lis pendens, finding it was devoid of merit and frivolous. On the same day, Balsini filed a motion to set aside that order. On January 24, 2006, the court modified its order by requiring DeGuzman to post a $20,000.00 bond by January 25, 2006, and if he failed to do so, the lis pendens would be reinstated. The petition for certiorari relates to this order.
We find that the order is improper. Unless an initial pleading shows that an action is founded on a duly recorded instrument concerning the real property described in the lis pendens, the court has the power to control the notice of lis pendens by discharging it or by requiring the party who filed the lis pendens to post a bond. Avalon Assoc. of Delaware, Ltd. v. Avalon Park Assoc., Inc., 760 So.2d 1132 (Fla. 5th DCA 2000). If the lis pendens is not based on a duly recorded instrument affecting the title to the property, the court, in its discretion, may require that the party filing the lis pendens post a bond when the property owner shows that damages will likely result in the event the notice of lis pendens is unjustified.[1] A lis pendens places a cloud on the title that did not previously exist, if not based on a recorded instrument. Mohican Valley, Inc. v. MacDonald, 443 So.2d 479 (Fla. 5th DCA 1984), approved in part, Medical Facilities Dev., Inc. v. Little Arch Creek Properties, 675 So.2d 915 (Fla.1996).
If the lis pendens were to be reinstated in this case, it should be the filer of the lis pendens  Balsini  who must post a bond, if one is required. Thus, if the filing of a notice of lis pendens was proper in this case, and if DeGuzman could have made the showing of likely damages resulting from the lis pendens, failure to require Balsini to post a bond would have been a departure from the essential requirements of law. See Medical Facilities Dev., Inc. v. Little Arch Creek Properties; 675 So.2d 915 (Fla.1996); Space Development, Inc. v. Florida One Construction, Inc., 657 So.2d 24 (Fla. 4th DCA 1995).
However, a lis pendens in this case should not have been filed because there is no connection between Balsini's litigation to enforce and require payment of child support and the real property *755 against which she filed the lis pendens. She completely failed to show any grounds to assert equitable or legal title[2] to the property, nor any connection to it other than as a potential source from which to recoup child support. A lis pendens is not an appropriate instrument for use in promoting recoveries in actions for money judgments. See 51 Am.Jur.2d Lis Pendens § 28 (2000).
When the primary purpose of a lawsuit is to recover money damages and the action does not directly affect the title to or the right of possession of real property, the filing of a notice of lis pendens is not authorized. Id. A notice of lis pendens is properly filed when a person seeks to enforce any lien upon designated real estate, but a lien which may result after a judgment provides no basis for the filing of a lis pendens notice. Id. at § 37.
In addition, the notice of lis pendens filed in this case failed to comply with the statutory requirements of section 48.23(1)(a), Florida Statutes (2005). Specifically, it did not state the time that the action was instituted and it did not provide a statement of the relief sought as to the property. See Bothmann v. Harrington, 458 So.2d 1163, 1168 n. 5 (Fla. 3d DCA 1984) (notice of lis pendens is procedurally defective if it fails to contain all of the required information under section 48.23(1)(a), Florida Statutes).
In response to this court's show cause order as to why the writ should not be granted, Balsini filed a motion to dismiss this certiorari proceeding, claiming that the controversy is now moot. She alleged that on February 23, 2006, the circuit court modified the January 24, 2006 order, by expunging the lis pendens, after the property was sold to a third party under threat of foreclosure.
DeGuzman replied that in order to avoid foreclosure, he agreed to post the $20,000.00 bond through the title closing agent, Watson Title Services, Inc., and that the lis pendens was expunged only because he was found to meet the $20,000.00 bond requirement, using proceeds from the sale of the property to a third party. In essence, a $20,000.00 bond is currently being held by the trial court, as a result of the January 24, 2006 order.
Accordingly, we find that the January 24, 2006 order requiring DeGuzman to post a $20,000.00 bond was contrary to the essential requirements of the law, and that it is not moot. The bond currently held by the trial court is unlawful and should be voided and the currency returned to DeGuzman.
Petition for Certiorari GRANTED; Order QUASHED.
PLEUS, C.J., and GRIFFIN, J., concur.
NOTES
[1] See generally Medical Facilities Dev., Inc. v. Little Arch Creek Properties, 675 So.2d 915 (Fla.1996).
[2] Cf. Sparks v. Charles Wayne Group, 568 So.2d 512 (Fla. 5th DCA 1990), receded from in part, Chiusolo v. Kennedy, 589 So.2d 420 (Fla. 5th DCA 1991).