947 So.2d 1263 (2007)
Maria MITCHELL and Janet Trujillo, Petitioners,
v.
METROPOLITAN AT LAKE EOLA, LLC., Respondent.
No. 5D06-3457.
District Court of Appeal of Florida, Fifth District.
February 2, 2007.
*1264 Marcia K. Lippincott of Marcia K. Lippincott, P.A., Lake Mary, for Petitioners.
William W. Deem of William W. Deem, P.A., Jacksonville Beach, for Respondent.
TORPY, J.
In this specific performance action, Petitioners challenge the lower court's order that required them to post a $600,000 bond to maintain a lis pendens while their direct appeal is pending. Petitioners challenge the order on two grounds, only one of which merits discussion: whether the lower court departed from the essential requirements of the law because the bond amount does not bear a reasonable relationship to the damages Respondent might incur due to the lis pendens. Concluding that Petitioners are correct, we grant the petition and quash the lower court's order.
Petitioners and Respondent entered into a contract for sale and purchase of a condominium unit for the price of $429,900. Petitioners paid a deposit of $42,900. A dispute arose between the parties and the closing did not occur, each party claiming that the other breached the contract. Petitioners sued for specific performance of the contract and recorded a lis pendens. Judgment was entered in favor of Respondent and Petitioners filed a direct appeal, which remains pending. The deposit remains in escrow pending the outcome of the direct appeal, Respondent having made claim to the funds as liquidated damages.
After judgment, Respondent filed a motion seeking that the lis pendens be dissolved or, in the alternative, that Petitioners post a bond. The court conducted a hearing on the motion during which Respondent's only evidence of prospective damages was the affidavit of its agent who opined that the fair market value of the unit at the time of hearing was $600,000. The affiant estimated that Respondent would incur between $15,000 and $20,000 in additional attorney's fees on appeal. Based thereon, the lower court ordered that the lis pendens be dissolved unless Petitioners filed a bond in the sum of $600,000.
Although the amount of a lis pendens bond is left to the discretion of the lower court, this discretion is not unfettered. Indeed, the bond amount "should bear a reasonable relationship to the amount of damages which the property-holder defendant demonstrates will likely result if it is later determined that the notice of lis pendens was unjustified." Medical Facilities Dev., Inc. v. Little Arch Creek Props., Inc., 675 So.2d 915, 918 (Fla. 1996). The burden is on the party seeking the bond to demonstrate by evidence the amount of potential damage it might suffer due to the lis pendens. Id. Although other potential damages might be demonstrated under the peculiar facts of each case, generally, the measure of such damage is "the difference between the fair market value at the time of filing of the lis pendens and the fair market value at the time of its termination, plus any consequential damages, including the award of operating expenses if the property declined in value, prejudgment interest from the date of termination of the lis pendens, and attorney's fees." Santa Catalina Townhomes, Inc. v. *1265 Mirza, 925 So.2d 1147, 1148 (Fla. 4th DCA 2006).
Here, the only evidence offered of potential, prospective damages was Respondent's estimate of future attorney's fees. Respondent offered no evidence that the unit's value was expected to decline. In fact, the evidence suggested the contrary. Although Respondent argued that it would suffer a loss of use of the proceeds from the sale of the unit, it offered no evidence that its probable rate of return on such proceeds would exceed the rate at which the unit might appreciate in value. Finally, Respondent offered no evidence regarding its operating expenses, carrying costs or other consequential damages.
We conclude, therefore, that the evidence before the lower court supported a bond amount of no greater than $20,000.
PETITION GRANTED; ORDER QUASHED.
MONACO and LAWSON, JJ., concur.