965 So.2d 184 (2007)
Andrew SUAREZ and Christina Suarez, Petitioner,
v.
KMD CONSTRUCTION, INC. and David Lee Hampton, Respondent.
No. 5D07-389.
District Court of Appeal of Florida, Fifth District.
August 24, 2007.
Rehearing Denied October 2, 2007.
*186 Andrea M. Fair and Kevin W. Fenton, of Wetherington, Hamilton, Harrison & Fair, P.A. Tampa, and Joseph M. Mason, Jr., of McGee & Mason, P.A., Brooksville, for Petitioner.
A. Patricia Barwick, Spring Hill, and Shannon J. Laviano of Shannon J. Laviano, P.A., Inverness, for Respondent.
PALMER, C.J.
Petitioners, Andrew and Christina Suarez, have filed a petition seeking a writ of certiorari challenging two interlocutory trial court orders: (1) an order denying their motion to dismiss KMD Construction, Inc.'s count for an equitable lien and motion to dissolve KMD's notice of lis pendens, and (2) an order granting KMD's motion to strike their motion to require a bond and for an evidentiary hearing related thereto. Concluding that the trial court's orders denying the motion to dissolve the notice of lis pendens and striking the motion to require bond and for an evidentiary hearing related thereto depart from the essential requirements of law and are causing irreparable harm to the Suarezes, we grant the petition as set forth herein.
The Suarezes and KMD entered into a written contract regarding the construction of a new home on the subject property. When disputes arose between the parties, construction was not completed by KMD. Instead, KMD filed a complaint and notice of lis pendens setting forth claims for breach of contract, unjust enrichment, and equitable lien.[1]
The Suarezes filed a motion to dismiss the complaint, contending that KMD's count for an equitable lien failed to state a cause of action. They also filed a motion to dissolve KMD's notice of lis pendens, alleging that the lis pendens was invalid because KMD failed to state a good faith, viable claim for an equitable lien and, further, that the lis pendens was not based upon a duly recorded instrument. Finally, the Suarezes filed a motion to require KMD to post a bond and an evidentiary hearing related thereto.
After conducting a hearing, the trial court entered an order which denied the Suarezes' motion to dismiss the count for an equitable lien and denied the motion to dissolve the notice of lis pendens. The trial court expressly determined that KMD's pleadings were "founded on a duly recorded instrument."
KMD then filed a motion to strike the Suarezes' motion to require bond and evidentiary hearing as moot. The motion was granted by the trial court. The Suarezes seek certiorari review of these orders.
Certiorari review is available for the trial court's order denying the motion to dissolve a notice of lis pendens. See Lennar Florida Holdings, Inc. v. First Family Bank, 660 So.2d 1122 (Fla. 5th DCA 1995). Certiorari review is also available for the order on the motion to strike the motion to require bond and the evidentiary hearing related thereto. However, certiorari review is not available to review the trial court's order denying the motion to dismiss the equitable lien count because an adequate remedy of law exists for review of that decision at the conclusion of the case. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987)(holding that the denial of a motion to dismiss is generally not reviewable by certiorari); *187 Cuneo v. Conseco Servs., LLC, 899 So.2d 1139 (Fla. 3d DCA 2005)(declining to entertain a petition for certiorari with regard to that portion of a trial court's order denying a motion to dismiss an equitable lien claim).
In challenging the trial court's orders, the Suarezes first argue that the trial court erred in denying their motion to dismiss because KMD did not sufficiently allege a good faith, viable claim for an equitable lien. Since certiorari relief is not available to address any error in the trial court's decision to deny the Suarezes' motion to dismiss the equitable lien count, the petition for certiorari based on that allegation is denied.[2]
The Suarezes further argue that they are entitled to receive certiorari relief on the basis that KMD's pleadings were not founded on a duly recorded instrument or on a statutory lien and, as a result, the trial court was required to control or discharge KMD's notice of lis pendens in the same manner in which the court may grant and dissolve injunctions. We agree.
Florida's lis pendens statute provides, in pertinent part, as follows:
48.23 Lis pendens. 
* * *
(2) No notice of lis pendens is effectual for any purpose beyond 1 year from the commencement of the action unless the relief sought is disclosed by the initial pleading to be founded on a duly recorded instrument or on a lien claimed under part I of chapter 713 against the property involved, except when the court extends the time on reasonable notice and for good cause. The court may impose such terms for the extension of time as justice requires.
(3) When the initial pleading does not show that the action is founded on a duly recorded instrument or on a lien claimed under part I of chapter 713, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions.
§ 48.23, Fla. Stat. (2006)(emphasis added). The case law construing the lis pendens statute makes it clear that the statutory language "founded on a duly recorded instrument" imposes the strict requirement that the lawsuit must be based on the terms contained in the recorded document itself. See American Legion Community Club v. Diamond, 561 So.2d 268, 272 (Fla.1990)(holding that the phrase "founded on a duly recorded instrument" in the lis pendens statute applies "only to those cases in which the suit is based on the terms and provisions contained in the recorded document"). See also DeGuzman v. Balsini, 930 So.2d 752, 754 (Fla. 5th DCA 2006)(noting that unless an initial pleading shows that an action is founded on a duly recorded instrument concerning the real property described in the lis pendens, the court has the power to control the notice of lis pendens by discharging it or by requiring the party who filed the lis pendens to post a bond).
In Avalon Associates of Delaware Ltd. v. Avalon Park Associates, Inc., 760 So.2d 1132, 1134 (Fla. 5th DCA 2000), our court explained that, unless the initial pleading shows that the action is founded on a duly recorded instrument, the effect of the filing is limited to one year, and the court has the power to control the notice by discharging it or requiring the party seeking to file a lis pendens to post a bond. The reason for this strict requirement is *188 that the imposition of a lis pendens functions as "a harsh and oppressive remedy" that "operates as a cloud on the title and prevents an owner from selling or dealing with it." Id.
In Avalon, the plaintiff pled that its claims were "founded on the alleged breach of an unrecorded development agreement." Though there was a "consensual lien" involved, that was "not determinative" for the Avalon court because section 48.23 of the Florida Statutes requires that the "action be founded on the recorded instrument." Avalon, 760 So.2d at 1134-1135. The court noted that the dispute did not arise from the terms contained in a recorded consensual lien. Rather, the dispute was based "on the circumstances surrounding the performance" of the unrecorded development agreement. Id. Thus, the Avalon court determined that the plaintiff was not entitled to a lis pendens as a matter of right.
Similarly, in American Legion Community Club v. Diamond, 561 So.2d 268 (Fla. 1990), the plaintiff sought to void a recorded deed on the basis of alleged fraud because the conveyance was in violation of the defendant club's constitution and bylaws. The American Legion court ruled that the lawsuit was not an action founded on the terms contained within a recorded instrument, thereby entitling a party to a lis pendens as of right, "but on the circumstances surrounding the execution of that deed." Id. at 272.
KMD takes the position that its claims are in fact based upon recorded instruments. For support, KMD points to the trial court's ruling in this regard. For more specific support, KMD points out that its complaint referenced the recorded construction loan agreement with Suncoast Federal Credit Union executed by the Suarezes, which in turn incorporated by reference the construction contract between KMD and the Suarezes. However, KMD's complaint is not based upon that construction loan agreement. Additionally, KMD points out that its complaint referenced the recorded notice of commencement; however, KMD's claim that the notice of commencement constitutes a duly recorded instrument on which KMD's suit is founded must fail for the same reason. In short, KMD is not suing the Suarezes based on the terms and provisions of the construction loan agreement or the notice of commencement. KMD is suing the Suarezes based on the facts and circumstances revolving around the construction of their residence pursuant to the parties' contract. As such, KMD's claims are, in substance, merely contractual in nature and, thus, the trial court erroneously determined that KMD's pleadings were "founded on a duly recorded instrument." Said error constitutes a departure from the essential requirements of law.
Because KMD's complaint is not founded on a duly recorded instrument, the trial court was required to control or discharge KMD's notice of lis pendens in the same manner in which the court may grant and dissolve injunctions, and to hold an evidentiary hearing to determine the amount of bond required. Accordingly, the Suarezes will be irreparably harmed if the trial court's orders denying the motion to dissolve the lis pendens and granting KMD's motion to strike the motion to require bond and evidentiary hearing related thereto are not vacated. See DeGuzman v. Balsini, 930 So.2d 752, 754 (Fla. 5th DCA 2006)(stating that unless an initial pleading shows that an action is founded on a duly recorded instrument concerning the real property described in the lis pendens, the court has the power to control the notice of lis pendens by discharging it *189 or by requiring the party who filed the lis pendens to post a bond).
The trial court is vested with considerable discretion with regard to considering whether a bond is necessary and, if so, what damages should be considered in setting the bond amount. The purpose of the bond provision is to protect the property owner from suffering damages in case the notice of lis pendens is unjustified. See Medical Facilities Development, Inc. v. Little Arch Creek Properties, Inc., 675 So.2d 915 (Fla.1996). See also Chiusolo v. Kennedy, 614 So.2d 491, 493 (Fla.1993)(explaining that the bond requirement, whenever appropriate, is a vehicle for protecting the property holders just as the lis pendens protects the plaintiff and third parties).
If the trial court, in its discretion, decides to set a bond, in determining the amount, the court may consider both monetary and nonmonetary damages. See Medical Facilities. Additionally, our Supreme Court, in S and T Builders v. Globe Properties, Inc., 944 So.2d 302 (Fla.2006), held that a trial court may include in a lis pendens bond attorney's fees that may foreseeably be incurred in obtaining a discharge of a notice of lis pendens. Issues concerning the propriety of a bond and the bond amount should be determined at an evidentiary hearing. See Santa Catalina Townhomes, Inc. v. Mirza, 925 So.2d 1147, 1148 (Fla. 4th DCA 2006)(holding that the trial court is authorized to require a lis pendens bond, after affording the parties an evidentiary hearing on the issue of whether the holder of the property is likely to incur damage, and the amount thereof, if the lis pendens notice is unjustified).
Accordingly, because the initial pleading in the instant case was not founded on a duly recorded instrument, the instant petition for writ of certiorari is granted and the trial court's orders are quashed, except for that portion which denies the Suarezes' motion to dismiss KMD's equitable lien claim. On remand, the trial court is directed to consider, at an evidentiary hearing, whether the lis pendens should remain in place and, if so, whether a bond would be appropriate and, if so, the amount of the bond required.
Petition GRANTED in part; orders VACATED in part; case REMANDED.
ORFINGER and MONACO, JJ., concur.
NOTES
[1] Although not an issue in the instant case, the Suarezes claim that KMD failed to perfect its lien rights. KMD disputes this allegation, but did not include a claim in their complaint based upon any statutory lien rights.
[2] By this ruling, we do not reach the merits of the Suarezes' argument on the motion to dismiss. The trial court is, of course, free to readdress the merits of those arguments at an appropriate time in the proceedings below in light of the contents of this opinion.