WHATLEY, Judge.
David J. Sheehan and Mary L. Sheehan petition this court for a writ of certiorari quashing the trial court’s order denying *1290 their motion to discharge lis pendens or, in the alternative, to require bond.
Certiorari is the proper vehicle to review an order denying a motion to discharge a lis pendens. See Ness Racquet Club, LLC v. Renzi Holdings, Inc., 959 So.2d 758, 759 (Fla. 3d DCA 2007).
Donna Reinhardt, as personal representative and on behalf of the estate of her father, Richard Fred Warren, filed a notice of lis pendens in conjunction with the filing of her complaint against Eileen Gor-man and the Sheehans. Eileen Gorman was Warren’s former wife. Warren died in April 2004. In count I of her complaint, Reinhardt alleged that Gorman breached the marital. settlement agreement with Warren by conveying the marital residence to the Sheehans in February 2004 and not paying her father or his estate for his interest in the property. The marital settlement agreement provided that the parties were joint owners of the marital residence, but that Gorman would have exclusive use and possession of it. It further provided that she would sell the home no later than February 15, 1998, and equally divide the proceeds with Warren. Gorman refused to convey half of the proceeds of the sale to Reinhardt because Warren had executed two quitclaim deeds of the property to her.[1] The first deed was unrecorded and was dated August 2, 1997, and the second deed was recorded in August 2005 and was dated November 10, 2002. Reinhardt alleged that the deeds were flawed and that the 2002 deed was void because the witnesses who signed it were related to Gorman. She sought a final judgment awarding her damages, prejudgment interest, costs, and attorney’s fees.
In count II, Reinhardt sought a declaratory judgment defining her legal interest in the property as it relates to the Shee-hans. She alleged that the recorded marital settlement agreement gave her father a joint interest in the property and that Gorman’s conveyance of the property to the Sheehans was subject to his continuing interest. Finally, she alleged that if the trial court were to find that the quitclaim deed her father executed in favor of Gor-man were in fact void, her father’s interest in the property would continue and inure to his estate.
The Sheehans filed a motion to discharge lis pendens or, in the alternative, to require bond. After a hearing, the trial court denied their motion. They then filed their certiorari petition.
“ ‘The purpose of a notice of lis pendens is to alert creditors, prospective purchasers and others to the fact that the title to a particular piece of real property is involved in litigation.’” Am. Legion Cmty. Club v. Diamond, 561 So.2d 268, 269 n. 2 (Fla.1990) (quoting Berkley Multi-Units, Inc. v. Linder, 464 So.2d 1356, 1357 (Fla. 4th DCA 1985)). Reinhardt’s action for declaratory judgment against the Sheehans is based on her allegation that the recorded November 2002 quitclaim deed from Warren to Gorman is void and that, therefore, her father’s interest in the property continues and inures to his estate by virtue of the recorded marital settlement agreement.
“If the initial pleading in a lawsuit is based upon a duly recorded instrument, the petitioner is entitled to maintain a lis pendens on the property in question as a matter of right.” Laroche v. Nehama, 948 So.2d 850, 851 (Fla. 3d DCA 2007). The marital settlement agreement is not a duly recorded instrument because enforcement of it does not affect the Sheehans’ *1291 property. In other words, Reinhardt’s complaint based on the marital settlement agreement, which does not contain a legal description of the subject property, does not support a direct claim against the property. See Lazzara v. Molins, 504 So.2d 13 (Fla. 2d DCA 1987) (holding that where complaint did not support direct claim against property because recovery would, at most, provide money damages, lis pendens should have been discharged); see also Lake Placid Holding Co. v. Paparone, 414 So.2d 564, 566 (Fla. 2d DCA 1982) (“A complaint which will not support a claim against the specific property at issue cannot provide a basis for tying it up by a filing of notice of lis pendens.”). At most, Reinhardt may have a claim for money damages against Gorman. “When the primary purpose of a lawsuit is to recover money damages and the action does not directly affect the title to or the right of possession of real property, the filing of a notice of lis pendens is not authorized.” DeGuzman v. Balsini 930 So.2d 752, 755 (Fla. 5th DCA 2006) (citing 51 Am. Jur.2d Lis Pendens § 28 (2000)). There being no basis for a lis pendens on the Sheehans’ property, the trial court departed from the essential requirements of law in failing to grant the Sheehans’ motion to discharge. Accordingly, we grant them petition for writ of certiorari, quash the order denying their motion to discharge, and remand with directions to the trial court to grant the Sheehans’ motion and discharge the lis pendens.
Certiorari granted.
STRINGER, J„ Concurs.
SILBERMAN, J., Concurs with opinion.

. It is unclear whether Warren ever held any title to the subject property.