WHATLEY, Judge.
 

 Roger E. Tetrault, as Trustee of the Roger E. and Linda A. Tetrault Foundation, petitions this court for a writ of cer-tiorari to quash the trial court’s order denying his motion to discharge the lis pendens placed on parcels G and H of the Foundation’s property by Paul F. and Kelley C. Calkins. The Calkins own adjoining parcels E and F. All of the par
 
 *215
 
 cels are subject to the Riverside Land Trust Declaration of Restrictions. The Calkins filed an action against Tetrault seeking a permanent injunction against his use of parcel GH
 
 [1]
 
 as part of the proposed Peace River Botanical and Sculpture Garden based on prohibitions of such use in the Restrictions. The Cal-kins also sought “incidental damages” from the lost sale of parcel E and the diminution in value of their property. We grant the writ of certiorari because a lis pendens on the Foundation’s property was not authorized under these circumstances.
 

 “Certiorari is the proper vehicle to review an order denying a motion to discharge a lis pendens.”
 
 Sheehan v. Reinhardt,
 
 988 So.2d 1289, 1290 (Fla. 2d DCA 2008). To obtain certiorari relief from an allegedly erroneous interlocutory order, a petitioner must establish that the order is: “(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on post-judgment appeal.”
 
 See Parkway Bank v. Fort Myers Armature Works, Inc.,
 
 658 So.2d 646, 648 (Fla. 2d DCA 1995). This court considers the second and third prongs of this test first because they are used to determine jurisdiction.
 
 Id.
 

 The Roger E. and Linda A. Tetrault Foundation and Charlotte County have entered into a development agreement whereby the Foundation will build and manage the Garden on twenty-seven acres of real property that it owns in Charlotte County. Parcel GH is part of the twenty-seven acres. The Foundation will donate the property by deed to the County and lease it for $1 a year for ninety-nine years. The timing of the conveyance is placed in the Foundation’s sole discretion. The development agreement states that the Charlotte County Board of Zoning Appeals approved a special exception to allow a private park on the property, which is zoned for single-family residences.
 

 The Calkins seek an injunction to prohibit parcel GH from being developed as part of the Garden because the Restrictions limit all parcels to being used for single family residences, and they prohibit all parcels from being used for any “trade, business, profession or other type of commercial activity.” In their complaint, the Calkins alleged that a potential buyer of their property backed out of a purchase contract upon learning of the Foundation’s plans to build the Garden. In addition to the injunction, they seek “incidental damages relative to the lost sale and the diminution of the value of them property.”
 

 Two months after they filed their complaint, the Calkins filed a notice of lis pendens on parcel GH. Tetrault argues that the effect of the lis pendens is to prevent the Foundation from conveying the parcels to Charlotte County. Indeed, “because lis pendens operates as a cloud on the title and prevents an owner from selling or dealing with it, it is a harsh and oppressive remedy.”
 
 Avalon Assocs. of Del. Ltd. v. Avalon Park Assocs., Inc.,
 
 760 So.2d 1132, 1134 (Fla. 5th DCA 2000) (citing 8 Thompson,
 
 Real Prop.
 
 § 4308 (1963)). Thus, the lis pendens subjects Tetrault to material harm not remediable on appeal.
 

 The order denying the motion to discharge lis pendens is a departure from the essential requirements of law because the Calkins have no interest in Tetrault’s
 
 *216
 
 parcel GH which would serve as the basis for a lis pendens.
 

 One of several purposes underlying the doctrine of lis pendens is that, when a suit is filed that could affect title in property, some notice should be given to future purchasers or encumbrancers of that property. This serves the purposes of protecting those purchasers or en-cumbrancers from becoming embroiled in the dispute, and of protecting the plaintiff from intervening liens that could impair any property rights claimed and also from possible extinguishment of the plaintiffs unrecorded equitable lien.
 

 Chiusolo v. Kennedy,
 
 614 So.2d 491, 492 (Fla.1993) (citation omitted; footnote omitted). The Calkins’ action for an injunction is based on the Restrictions governing the use of parcel GH. Deed restrictions prohibiting a particular use of property “convey no interest in the land.”
 
 The Bd. of Pub. Instruction of Dade Cnty. v. Town of Bay Harbor Islands,
 
 81 So.2d 637, 642 (Fla.1955);
 
 accord Homer v. Dadeland Shopping Ctr., Inc.,
 
 229 So.2d 834, 836 (Fla.1969) (“a restrictive covenant ... is but a creature of equity arising out of contract”). Because the Calkins have no interest in Tetrault’s parcels and their action does not affect the title to those parcels, a lis pendens on parcel GH was not authorized.
 
 See Chiusolo,
 
 614 So.2d at 492;
 
 Laroche v. Nehama,
 
 948 So.2d 850, 851 (Fla. 3d DCA 2007) (“One of the purposes of a lis pendens is to put possible future purchasers on notice that there could be a problem with title to the property.”);
 
 see also DeGuzman v. Balsini,
 
 930 So.2d 752, 755 (Fla. 5th DCA 2006) (“When the primary purpose of a lawsuit is to recover money damages and the action does not directly affect the title to or the right of possession of real property, the filing of a notice of lis pendens is not authorized. A notice of lis pendens is properly filed when a person seeks to enforce lien upon designated real estate .... ” (citation omitted)).
 

 Accordingly, we grant Tetrault’s petition for writ of certiorari and quash the order denying his motion to discharge lis pen-dens.
 

 Certiorari granted.
 

 ALTENBERND and CRENSHAW, JJ., Concur.
 

 [1]
 

 . We are referring to the parcels owned by the parties as the Calkins referred to them in their complaint.