PER CURIAM.
Petitioners seek certiorari review of an order requiring them to post a bond in the amount of $747,143 “so long as the lis pendens filed by and on their behalf remains valid and enforceable as to Respondent’s properties identified therein,” as well as a subsequent order discharging the lis pendens as to one of the parcels at issue.
We conclude that the trial court departed from the essential requirements of law by failing to hold an evidentiary hearing prior to entering the aforesaid orders. See Suarez v. KMD Constr., Inc., 965 So.2d 184 (Fla. 5th DCA 2007) (trial court required to control or discharge notice of lis pendens by considering at evidentiary hearing whether lis pendens should remain in place and, if so, amount of bond required); Licea v. Anllo, 691 So.2d 29 (Fla. 3d DCA 1997) (before setting amounts of lis pendens bond, trial court is to afford parties evidentiary hearing on issues of whether property-holder would likely incur damage if lis pendens was unjustified, and, if so, amount of such loss); see also Mitchell v. Metro. at Lake Eola, LLC, 947 So.2d 1263 (Fla. 5th DCA 2007) (burden is on party seeking lis pendens bond to demonstrate by evidence amount of potential damage it might suffer if later determined notice of lis pendens was unjustified).
PETITION GRANTED; ORDERS DATED JANUARY 6, 2012 AND JANUARY 13, 2012 QUASHED.
ORFINGER, C.J., MONACO and EVANDER, JJ., concur.