IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LANDMARK AT CRESCENT
RIDGE LP,

     Petitioner,

v.

EVEREST FINANCIAL, INC., a
California corporation,

     Respondent.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-4532

Opinion filed May 16, 2017.

Certiorari - Original Jurisdiction.

Susan E. Trench of Arnstein & Lehr LLP, Miami, for Petitioner.

Beverly A. Pohl, Peter M. Goldman, and Joseph H. Picone of Broad and Cassel LLP, Fort Lauderdale, for Respondent.

BILBREY, J.

Landmark at Crescent Ridge, L.P., one of six defendants[1] in an action seeking specific performance and, alternatively, monetary damages for an alleged

---

[1] The other defendants, who are not involved in this proceeding for the extraordinary writ, are: ELCO LR CRESCENT RIDGE LP, a Delaware limited partnership; ELCO GP CRESCENT RIDGE, LLC, a Delaware limited liability

breach of a contract, petitions this Court for certiorari review of the trial court's order denying the motion to dissolve lis pendens filed upon Landmark's real property. Because the petition fails to show that the trial court's order causes irreparable harm, we dismiss the petition.

As stated by the Florida Supreme Court, "before certiorari can be used to review non-final orders, the appellate court must focus on the threshold jurisdictional question: whether there is a material injury that cannot be corrected on appeal, otherwise termed as irreparable harm." Citizens Prop. Ins. Corp. v. San Perdido Ass'n, Inc., 104 So. 3d 344, 351 (Fla. 2012); see also AVCO Corp. v. Neff, 30 So. 3d 597, 604 (Fla. 1st DCA 2010) (denying certiorari review of trial court's ruling on affirmative defense of statute of repose and statute of limitations because such erroneous rulings "can be corrected on appeal from a final order."). "Only after irreparable harm has been established can an appellate court then review whether the petitioner has also shown a departure from the essential requirements of law." Rodriguez v. Miami-Dade Cnty., 117 So. 3d 400, 405 (Fla. 2013) (citing Williams v. Oken, 62 So. 3d 1129, 1132-33 (Fla. 2011)).

Landmark at Crescent Ridge LP fails to establish the requisite "irreparable

company; ELCO LR CRESCENT RIDGE REIT, LP, a Delaware limited partnership; ELCO LR CRESCENT RIDGE REIT GP, LLC, a Delaware limited liability company; and LANDMARK AT CRESCENT RIDGE GP, LLC, a Delaware limited liability company.

harm" for this Court's certiorari jurisdiction in this case. There is no showing that the order denying the motion to dissolve the lis pendens at issue cannot be remedied on appeal of the final judgment. Although the petition states generally that the property cannot be sold while encumbered by the lis pendens, that Petitioner is in danger of defaulting on mortgages connected with the property if it cannot sell, and that the lawsuit might persist for a substantial time period, the petition fails "to *clearly* reflect how the potential 'harm is incurable' by a final appeal." Agency for Health Care Admin. v. S. Broward Hosp. Dist., 206 So. 3d 826, 828 (Fla. 1st DCA 2016) (quoting Bared & Co., Inc. v. McGuire, 670 So. 2d 153, 157 (Fla. 4th DCA 1996) (emphasis in original). Other than possible financial harm to Petitioner, the petition does not explain why appellate review of the final judgment would not provide an adequate remedy.

Financial harm via loss of a particular sale could conceivably constitute irreparable harm under circumstances not evident here. However, where the harm alleged is based on monetary damages, establishing irreparable harm will require specific facts to support the non-remediable nature of the injury. While there are differences between the law applicable to actions for certiorari review and for injunctive relief, the causes are related in light of section 48.23, Florida Statutes. That statute provides that where, as here, the notice of lis pendens is not founded on a recorded instrument or lien claimed, the trial court "shall control and

3

discharge the recorded notice of lis pendens as the court would grant and dissolve injunctions." § 48.23(3), Fla. Stat.

Accordingly, the law governing the irreparable harm required for injunctive relief is instructive; "[t]here is no irreparable harm for the purpose of a temporary injunction where the harm can be adequately compensated for by a monetary award." City of Miami Springs v. Steffen, 423 So. 2d 930, 931 (Fla. 3d DCA 1982). As explained in B.G.H. Insurance Syndicate, Inc. v. Presidential Fire & Casualty Co., 549 So. 2d 197, 198 (Fla. 3d DCA 1989), "[i]rreparable harm and lack of an adequate remedy at law are both prerequisites to injunctive relief." In such cases, "irreparable harm is not established where the potential loss can be adequately compensated for by a monetary award." Id.

It is entirely possible that the reduction in value of real property resulting from the wrongful filing of a lis pendens, loss of a sale at a particular time to a particular buyer, and financial harm due to the passage of time during litigation may all be remedied by a monetary award upon sufficient proof. In Haisfield v. ACP Florida Holdings, Inc., 629 So. 2d 963, 966 (Fla. 4th DCA 1993), the court held that "the proper method of measuring damages for the wrongful filing of a lis pendens" is a comparison of the market value of the property on the date the lis pendens was filed to the fair market value at the time the lis pendens is terminated. Haisfield established this measure of damages upon the appeal of a final judgment

4

in a breach of contract case. Without holding that the harm from the wrongful filing of a notice of lis pendens could never be "irreparable" for purposes of a petition for writ of certiorari, the petition in this case fails to present facts and argument establishing that the harm caused by the lis pendens, even if erroneous, will be irreparable by a financial award or otherwise after a final judgment is entered.[2]

In addition to protecting the plaintiff's claim during the pendency of the lawsuit, "a lis pendens exists as much to warn third parties" of a pending lawsuit with a "fair nexus between the apparent legal or equitable ownership of the property." Chiusolo v. Kennedy, 614 So. 2d 491, 492 (Fla. 1993). The potential financial harm to Petitioner from the lis pendens is not only *not* irreparable, but it does not diminish the important public purpose of warning third parties of the lawsuit and its potential effect on the ownership of the property.

Finally, the possibility that Petitioner might prevail on the merits of the lawsuit pending below — based on the affirmative defense that the contract is no longer in force — is not fatal to the lis pendens or require its immediate dissolution. The uncertainty about the outcome on the merits of the case at this

---

[2] For instance in Tetrault v. Calkins, 79 So. 3d 213 (Fla. 2d DCA 2012), irreparable harm was found when a trial court denied a motion to dissolve a lis pendens placed by plaintiff who did not claim and was not seeking an ownership interest in the subject property. The lis pendens in Tetrault interfered with an agreement for sale of the property between two other parties. Id. at 215.

preliminary stage of the litigation does not preclude a showing of the required "good faith, viable claim" with a fair nexus to the property subject to the lis pendens. In <u>Regents Park Investments, LLC, v. Bankers Lending Services, Inc.</u>, 197 So. 3d 617 (Fla. 3d DCA 2016), the court held that the plaintiff in the underlying action need not "fully prove each element of its claim" in order to sustain a lis pendens, but merely make "a minimal showing that there is at least some basis for the underlying claim." 197 So. 3d at 621 (quoting <u>Nu-Vision, LLC v. Corp. Convenience, Inc.</u>, 965 So. 2d 232, 236 (Fla. 5th DCA 2007). Petitioner's assertion that the Agreement upon which the lawsuit is based is no longer in effect due to an alleged breach by Respondent is an affirmative defense to the action, not a bar to the notice of lis pendens giving fair warning to third parties of the pending litigation.

Because the petition fails to show the requisite irreparable harm imposed by the trial court's denial of the motion to dissolve the lis pendens, the petition for writ of certiorari is DISMISSED.

WETHERELL and JAY, JJ., CONCUR.