# Third District Court of Appeal

## State of Florida

Opinion filed December 18, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1125
Lower Tribunal No. 24-6140-CA-01
_____

**Michael Alexander Trujillo,**
Appellant,

vs.

**Mysora Garcia,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, William Thomas, Judge.

EPGD Attorneys at Law, PA, and Matthew N. Shatanof, for appellant.

Sanchez Vadillo, LLP, and Maria L. Larrabure, for appellee.

Before GORDO, LOBREE, and GOODEN, JJ.

GOODEN, J.

This is a dispute between neighbors. Appellant Michael Trujillo filed suit against Appellee Mysora Garcia for damages to his property which occurred during construction on Garcia's home. Along with the complaint, Trujillo filed and recorded a notice of lis pendens on Garcia's property. Garcia sought to discharge the lis pendens. The trial court granted the motion finding there was an insufficient nexus between the property and the lis pendens. Trujillo appeals this ruling.

"The purpose of a notice of lis pendens is to alert creditors, prospective purchasers and others to the fact that the title to a particular piece of real property is involved in litigation." Berkley Multi–Units, Inc. v. Linder, 464 So. 2d 1356, 1357 (Fla. 4th DCA 1985). It "put[s] possible future purchasers on notice that there could be a problem with title to the property." Laroche v. Nehama, 948 So. 2d 850, 851 (Fla. 3d DCA 2007).

The proponent of a lis pendens must "establish a fair nexus between the apparent legal or equitable ownership of the property and the dispute embodied in the lawsuit." Chiusolo v. Kennedy, 614 So. 2d 491, 492 (Fla. 1993). "This nexus requires that the plaintiff's claim could potentially grant some interest in the realty itself before a lis pendens can be maintained." Katz Deli of Aventura, Inc. v. Waterways Plaza, LLC, 183 So. 3d 374, 383 (Fla. 3d DCA 2013) (emphasis omitted). See also Okur v. Torres, 816 So.

2

2d 1222, 1223 (Fla. 3d DCA 2002). When the complaint does not establish this nexus, "the court shall control and discharge the recorded notice of lis pendens as the court would grant and dissolve injunctions." § 48.23(3), Fla. Stat. (2024).

Nevertheless, a lis pendens is not proper when the relief in the lawsuit does not affect the title of the subject property. De Pass v. Chitty, 105 So. 148, 150 (Fla. 1925). See also FCD Dev., LLC v. S. Fla. Sports Comm., Inc., 37 So. 3d 905, 909 (Fla. 4th DCA 2010) ("To have standing with regard to a lis pendens action, one must have ownership rights in the property."). "When the primary purpose of a lawsuit is to recover money damages and the action does not directly affect the title to or the right of possession of real property, the filing of a notice of lis pendens is not authorized." DeGuzman v. Balsini, 930 So. 2d 752, 755 (Fla. 5th DCA 2006). "A lis pendens is not an appropriate instrument for use in promoting recoveries in actions for money judgments." Id. See generally Alfredo Dally & Jocelyne A. Macelloni, Protecting Interests or Hindering Real Estate Deals? Impact of A Lis Pendens When Selling Real Property in Florida, Fla. B.J., May/June 2024, at 48 ("For this reason, lis pendens are commonly seen in foreclosure cases, contract disputes, or divorce cases in which an interest in real property is at

issue as a means for providing third parties some protections over their potential rights to the real property.").

That is exactly what happened here. The complaint does not allege that Trujillo has any type of ownership in or lien on Garcia's property. The litigation would not affect the title in any manner. There was no nexus between the two. This is simply a lawsuit for damages—indeed, damages to Trujillo's property. The notice of lis pendens was improper. Tetrault v. Calkins, 79 So. 3d 213, 216 (Fla. 2d DCA 2012). Accordingly, the trial court did not abuse its discretion in dissolving the lis pendens.

Affirmed.

4