# Third District Court of Appeal
## State of Florida

Opinion filed September 10, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0737
Lower Tribunal No. 25-1946-CA-01
_____

**Liudmila Golubtsova,**
Appellant,

vs.

**Vladimir Budaev and
Budaevs Holdings, LLC,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Vivianne del Rio, Judge.

Bryl Law Offices and Gregory Bryl (Sunny Isles Beach), for appellant.

Law Offices of Andre G. Raikhelson, and Andre G. Raikhelson (Boca Raton), for appellees.

Before GORDO, BOKOR, and GOODEN, JJ.

GOODEN, J.

This is a dispute between former spouses. During their marriage, the couple purchased rental property in Bal Harbor. Appellant Liudmila Golubtsova asserts that Appellee Vladmir Budaev diverted the rents into a private account.[1] She filed suit against him and his company, Budaevs Holdings, LLC for those rents. The complaint asserted claims for conversion, civil theft, unjust enrichment, and equitable lien or constructive trust.

The case was initially filed in county court. But due to the amount at issue, it was transferred to circuit. Upon transfer, Golubtsova filed a notice of lis pendens. Budaev and Budaevs Holdings, LLC sought to dissolve the lis pendens. After a hearing, the trial court granted the motion finding that the action sought money damages—rents. Golubtsova appeals this ruling.

"While the term 'lis pendens' literally implies a pending suit, it is defined as the jurisdiction, power, or control which courts acquire over property involved in a pending suit." Med. Facilities Dev., Inc. v. Little Arch Creek Props., Inc., 675 So. 2d 915, 917 (Fla. 1996). "The purpose of a notice of lis pendens is to alert creditors, prospective purchasers and others to the fact that the title to a particular piece of real property is involved in litigation." Berkley Multi–Units, Inc. v. Linder, 464 So. 2d 1356, 1357 (Fla. 4th DCA

---

[1] At some point, the rental property was transferred to Budaevs Holdings, LLC. That transfer is being disputed in separate litigation.

1985).  It "put[s] possible future purchasers on notice that there could be a problem with title to the property."  Laroche v. Nehama, 948 So. 2d 850, 851 (Fla. 3d DCA 2007).

To avoid discharge, the proponent must show that the lis pendens is warranted.  He or she must "establish a fair nexus between the apparent legal or equitable ownership of the property and the dispute embodied in the lawsuit."  Chiusolo v. Kennedy, 614 So. 2d 491, 492 (Fla. 1993).  "This nexus requires that the plaintiff's claim could potentially grant some interest in the realty itself before a lis pendens can be maintained."  Katz Deli of Aventura, Inc. v. Waterways Plaza, LLC, 183 So. 3d 374, 383 (Fla. 3d DCA 2013) (emphasis omitted).  See also Okur v. Torres, 816 So. 2d 1222, 1223 (Fla. 3d DCA 2002).  It requires a "good faith, viable claim."  India Am. Trading, Co., Inc. v. White, 896 So. 2d 859, 860 (Fla. 3d DCA 2005).  When the complaint does not establish this nexus, "the court shall control and discharge the recorded notice of lis pendens as the court would grant and dissolve injunctions."  § 48.23(3), Fla. Stat. (2024).

"Nevertheless, a lis pendens is not proper when the relief in the lawsuit does not affect the title of the subject property."  Trujillo v. Garcia, 402 So. 3d 422, 424 (Fla. 3d DCA 2024).  See also De Pass v. Chitty, 105 So. 148, 150 (Fla. 1925) ("Notice is also limited to those matters in dispute between

3

the parties to the action, and has no application to matters not in issue and not pertinent to any issue and which cannot be determined in the proceeding. It is further essential that the litigation to which the notice of lis pendens refers shall result in a judgment or decree affecting the property described therein, which property must be pertinent to and within the issues made."); FCD Dev., LLC v. S. Fla. Sports Comm., Inc., 37 So. 3d 905, 909 (Fla. 4th DCA 2010) ("To have standing with regard to a lis pendens action, one must have ownership rights in the property."). "When the primary purpose of a lawsuit is to recover money damages and the action does not directly affect the title to or the right of possession of real property, the filing of a notice of lis pendens is not authorized." DeGuzman v. Balsini, 930 So. 2d 752, 755 (Fla. 5th DCA 2006). "A lis pendens is not an appropriate instrument for use in promoting recoveries in actions for money judgments." Id.

As evidence of a nexus, Golubtsova focuses on the fact that she asserted a claim for equitable lien or constructive trust. But the title of a count in a complaint is not controlling—we must look to the substance of what is being sought. See Nu-Vision, LLC v. Corp. Convenience, Inc., 965 So. 2d 232, 234 (Fla. 5th DCA 2007) ("However, establishing a 'fair nexus' between a claim in litigation and the property's title requires a little more than simply pleading a theoretical nexus."). At its core, the complaint does not

4

concern apparent legal or equitable ownership of the property.  Instead, it seeks money damages—past rents from the property.  DeGuzman, 930 So. 2d at 755.  It does not affect the title of the property.  Cf. Abreu v. Amaro, 534 So. 2d 771, 772 (Fla. 3d DCA 1988) ("A constructive trust is a remedial device with dual objectives—to restore property to the rightful owner and prevent unjust enrichment.").

Since this is simply a lawsuit for damages, there is no nexus "between the apparent legal or equitable ownership of the property and the dispute embodied in the lawsuit."  Chiusolo, 614 So. 2d at 492.  The notice of lis pendens filed in this lawsuit was improper.  Accordingly, the trial court did not abuse its discretion in dissolving the lis pendens.

Affirmed.