# Third District Court of Appeal

## State of Florida

Opinion filed February 25, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2003
Lower Tribunal No. 20-17447-CA-01
_____

**Maria Teresa Costantini Gomes,**
Petitioner,

vs.

**Victor Maniglia,**
Respondents.


On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

The Hink Law Firm, P.A., and Ronald R. Hink, for petitioner.

J. Muir & Associates, P.A., and Jane Whalley Muir, for respondents.


Before EMAS, GORDO and LOBREE, JJ.

PER CURIAM.

Dismissed. See Bd. of Trs. of Internal Improvement Tr. Fund v. Am. Educ. Enters., LLC, 99 So. 3d 450, 455 (Fla. 2012) (reaffirming that irreparable harm is a condition precedent to invoking a district court's certiorari jurisdiction, and observing: "If the party seeking review does not demonstrate that it will suffer material injury of an irreparable nature, then an appellate court may not grant certiorari relief from a non-appealable non-final order. Similarly, if the alleged harm can be remedied on appeal, the harm is not considered irreparable, and thus certiorari relief is not merited." (citations omitted)); Landmark at Crescent Ridge LP v. Everest Fin., Inc., 219 So. 3d 218, 219 (Fla. 1st DCA 2017) (dismissing petition for writ of certiorari, holding: "There is no showing that the order denying the motion to dissolve the lis pendens at issue cannot be remedied on appeal of the final judgment. Although the petition states generally that the property cannot be sold while encumbered by the lis pendens, that Petitioner is in danger of defaulting on mortgages connected with the property if it cannot sell, and that the lawsuit might persist for a substantial time period, the petition fails "to *clearly* reflect how the potential 'harm is incurable' by a final appeal.") (quotations omitted); id. at 220 (analyzing irreparable harm prong in analogous context of denial of motion to dissolve temporary injunction, and noting: "Accordingly, the law governing the irreparable harm required for injunctive relief is instructive;

2

'[t]here is no irreparable harm for the purpose of a temporary injunction where the harm can be adequately compensated for by a monetary award.'" (quoting <u>City of Miami Springs v. Steffen</u>, 423 So. 2d 930, 931 (Fla. 3d DCA 1982))).